In re SPRINGER.

(District Court, E. D. North Carolina. September 30. 1912.)

1. BANKRUPTCY (§ 404*)—PARTNERSHIP—PETITION FOR DISCHARGE—FAILURE
   TO APPLY—CONCLUSIVENESS—SUBSEQUENT PROCEEDINGS.
   Involuntary proceedings having been instituted in New York in September, 1908, against a partnership of which petitioner was a member and against the members of the firm individually, petitioner failed to apply for discharge within the time required, on which failure creditors having provable debts which had been proved in such proceedings brought suit against petitioner thereon in North Carolina and obtained judgment, whereupon petitioner filed a voluntary bankruptcy proceeding in December, 1911. *Held* that, the proceeding in New York having been against the firm and partners as well, petitioner's failure to ob-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tain a discharge therein was a bar to his discharge in the subsequent proceeding as to the debts provable in the former one.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 679, 681, 691; Dec. Dig. § 404.*]

2. BANKRUPTCY (§ 404*)—PARTNERSHIP—ADJUDICATION AGAINST PARTNERS.

A partnership may commit an act of bankruptcy and be adjudged a bankrupt on its own petition or the petition of its creditors without proceeding against or joining the partners individually, though both the partnership and the individual partners may in the same proceeding be adjudged bankrupts, and in such case the partners may receive a discharge both individually and as members of the firm.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 679, 681, 691; Dec. Dig. § 404.*

What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank of Mattoon, Ill., v. First Nat. Bank of Mattoon, Ill., 42 C. C. A. 4.]

In Bankruptcy. In the matter of bankruptcy proceedings of Horace D. Springer. On petition for discharge. Denied.

E. K. Bryan, of Wilmington, N. C., for petitioner.
Kenan & Stacy, of Wilmington, N. C., for creditors.

CONNOR, District Judge. On the 1st day of December, 1911, Horace D. Springer was, upon his voluntary petition, duly adjudged a bankrupt by this court and filed schedules of his indebtedness and his property, as required by the act of Congress (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) relating to bankruptcy. Having complied with the requirements of the act and the orders of the court in the premises, on the 2d of July, 1911, he filed his petition for a discharge from all debts provable against his estate, except such as are exempt by law from such discharge. Notice of said petition was duly given to creditors and, on the day fixed for the hearing, Powell & Campbell and Merritt, Elliott & Co. of New York, creditors, appeared and objected to the granting of said petition, filing specifications setting forth the grounds of such objection. The objection is based upon the following facts:

Prior to August, 1908, petitioner was engaged in the mercantile business in the city of Yonkers, N. Y., as copartner with one Thos. J. Mulligan, and on the 2d of September, 1908, the said Springer and Mulligan, as copartners, and individually, were, upon the petition of creditors, in involuntary proceedings, adjudged bankrupts by the District Court of the United States for the Southern District of New York. They filed schedules of their indebtedness and property as partners, and proceedings were had in said cause in accordance with the provisions of the bankruptcy act.

Mulligan was, upon his petition filed in said proceedings, granted a discharge, both as copartner and individually.

[1] Petitioner, Horace D. Springer, failed to file, within the time prescribed by law, a petition for his discharge, and has not, until this time, filed such petition; nor did he ask the court to extend the time for doing so. His failure to file such petition was due to his ignorance of the law, and the negligence of his attorney in advis-

ing him in the premises, and to no other cause. The debts of the creditors objecting to his discharge herein were scheduled in the said proceedings in New York as creditors of said copartnership. They proved their claims therein, and the same were allowed. It further appears that the same creditors, and none other, are scheduled in the proceeding in this court as in the proceeding in the Southern district of New York. The objecting creditors herein, after the failure of said Springer to file his petition for a discharge in the proceedings in New York, obtained judgment on their debts against said Springer in the superior court of New Hanover county, N. C. When the petition for adjudication was filed, the creditors now objecting appeared and objected to the adjudication. This objection was overruled without prejudice. The question now presented is whether petitioner is entitled to his discharge. It must be conceded that no cause appears in the record which, under the provisions of the bankrupt act, or the amendments thereto (section 14), makes it the duty of the court to deny the petition. It is, however, uniformly held that a denial of the petition for a discharge in a former proceeding in bankruptcy is, when properly pleaded, quoad debts then existing and provable, a bar to granting a discharge in a second proceeding. This conclusion is based upon the familiar principle, applied to proceedings in bankruptcy, that the right to a discharge, as between the parties to the former proceeding, is res judicata. Blumenthal v. Jones, 208 U. S. 64, 28 Sup. Ct. 192, 52 L. Ed. 390. The same principle has been applied to cases in which the bankrupt fails to apply for a discharge within the time prescribed by the act—twelve months after adjudication, or by the permission of the court, upon good cause shown, "within, but not after, the expiration of the next six months." The result of the decisions of Circuit Courts of Appeal is thus stated by Mr. Collier:

"The failure to apply for a discharge within the time limited has the same effect as a denial of a discharge from the debts in the former proceeding, and the bankrupt may not thereafter institute voluntary proceedings for the purpose of securing a discharge from debts scheduled in the former proceedings." Collier on Bankruptcy (8th Ed. 259) 9th Ed. 318.

In Kuntz v. Young, 131 Fed. 719, 65 C. C. A. 477 (8th Circuit) Sanborn, Judge, says:

"The failure of the bankrupt to apply for a discharge from his debts in the involuntary proceedings within 12 months after the adjudication foreclosed his right to such discharge. It is only within that time that he may, under the bankruptcy law, make a lawful application to be relieved from his debts. The record of his failure to make the application in that proceeding was, in effect, a judgment by default in favor of his creditors, to the effect that he was not entitled to a discharge from their claims. * * * The denial of an application for a discharge from debts provable in proceedings under a petition in bankruptcy under the act of 1898 renders the issue of the right to a discharge from those debts in a proceeding in a subsequent petition res judicata. A failure to apply for a discharge within 12 months after the adjudication in the earlier proceeding has the same effect."

The exact question presented here, unless differentiated by matters referred to later, is presented and discussed in a well-considered

opinion by Judge Grubb in Re Bacon, 193 Fed. 34, 113 C. C. A. 358 (C. C. A. 5th Circuit). He says:

"The argument is made with force, as this bankrupt is not shown to have been guilty of any offense depriving him of the right to a discharge, and as the excepted debts were provable in bankruptcy, and not comprised in any of the excluded classes, their exclusion, in effect, ingrafts on the bankruptcy act an additional ground for denying a discharge, by implication, when the act expresses the ground for denying the bankrupt his discharge and the classes of debts excluded from its operation when granted."

After pointing out the effect of permitting a bankrupt who has failed to apply for a discharge in one proceeding, to do so in a second proceeding, he says:

"Such a situation would make the bankruptcy law, in its practical administration, oppressive and intolerable, and has led the courts to read into the law, by implication, the common-law principle of res judicata, as a defense to an application for a discharge by a bankrupt who has already applied for a discharge from the same debt under a former petition, and been denied it, or who, having filed a former petition, has failed to apply for his discharge thereunder, until after the expiration of the time fixed by law therefor."

He cites and quotes the language of the court in Kuntz v. Young, supra, saying:

"This case has been followed by the Circuit Court of Appeals for the First and Second circuits, as well as by numerous District Courts, and to secure uniformity of decision in the different circuits, if for no other reason, we incline to this view"—citing a long line of decided cases.

Judge Shelby writes a concurring, and Judge Pardee, a dissenting, opinion. In that case a discharge was granted, excepting from its operation such debts as were provable under the former proceeding.

In Re Silverman, 157 Fed. 675, 85 C. C. A. 224 (C. C. A. 2d Circuit), the question is treated as settled against the right of the bankrupt who has failed to apply for a discharge in the first proceeding. We may treat the law as settled by the Supreme Court in Blumenthal v. Jones, supra, that, when a discharge in one proceeding has been denied, a discharge will not be granted quoad debts then existing in another proceeding, if the fact is properly brought to the attention of the court. This decision is, of course, based upon the doctrine of res judicata, because no such provision is to be found in the statute. The act is mandatory that, unless the causes set forth are found to exist, the bankrupt shall be granted his discharge, if he file his petition therefor, within the time fixed.

I concur with counsel for petitioner that the question presented here is not presented in Blumenthal's Case. That case is not an authority for refusing the discharge here, except in so far as it recognizes the doctrine of res judicata as applicable to a case in bankruptcy, in which the discharge has been denied in a former proceeding. To that extent it is a binding authority and concludes the contention that, unless one of the statutory reasons is shown to exist, the bankrupt is entitled to his discharge in the second proceeding. The Circuit Courts of Appeal and the District Courts have uniformly held that the principle applies when the bankrupt fails to apply for

a discharge in a former proceeding. The decisions are all based upon the theory "that, as in all other judicial proceedings, an adjudication refusing a discharge in bankruptcy finally determines for all time, and all courts, as between those parties privy to it, the facts upon which the refusal is based," and a failure to apply for a discharge is held by Circuit Courts of Appeal and District Courts to have the same effect upon the rights of a bankrupt. The decisions are founded upon a principle of general application and of a wise policy.

The question has not been presented in this, the Fourth, circuit. In view of the decisions of the courts of other circuits, and "to secure uniformity of decision," I feel constrained to follow them. It appearing that no other debts than those existing at the date of adjudication, in the first proceeding, are scheduled in the present proceeding, a discharge excepting such debts would be of no value to petitioner. It is strongly insisted by counsel for petitioner that in none of the cases cited was a bankrupt a member of a copartnership, which had been adjudged bankrupt. He insists that the bankrupt act, and numerous decisions cited, recognize the fact that a partnership is a distinct legal entity for the purpose of proceeding in bankruptcy. This is undoubtedly true.

[2] That a partnership may commit an act of bankruptcy and upon the petition of its creditors, or upon its own petition, be adjudged bankrupt, without proceeding against or joining the partners individually, is made clear enough by section 5 of the act, and numerous decisions of the courts. It is, however, equally clear that, in either involuntary or voluntary proceedings, both the partnership and the individual members thereof may, in the same proceeding, be adjudged bankrupts, and that, upon conformity to the law, the partners may apply for and receive their discharge, both as partners and as individuals. The record of the District Court for the Southern District of New York, duly certified to this court, shows that the petition in that court was filed against, and it was adjudged that "Horace D. Springer and Thos. J. Mulligan, individually and composing the firm of Springer & Mulligan, are hereby declared and adjudged bankrupt"; that Mulligan filed his petition for a discharge from his debts as a member of the partnership and individually; and that it was granted. Conceding, therefore, that the partnership was a legal entity and, as such, subject to proceedings in bankruptcy, and conceding further that if the first proceeding had been against the partnership alone, not including the individual partners, that the principle of res judicata would not apply to petitioner Springer, I think that, in the light of the record in the first proceeding, the decisions cited apply to this case, and preclude petitioner from the right to have a discharge from the debts existing and provable against him in the first proceeding. As there are no other debts upon which a discharge can operate, the petition must be denied. I do not think that it was necessary for the creditors to file proof of their debts.

It is so ordered.