## FRESHMAN v. ATKINS.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 41. Argued October 14, 1925.—Decided November 16, 1925.

1. The pendency of a voluntary petition in bankruptcy precludes consideration of a second voluntary petition in respect of the same debts. P. 122.
2. The District Court, on application for discharge in a voluntary proceeding in bankruptcy, may take judicial notice of the pendency, in its own records, of an earlier like application; and of its own motion, because of such pendency, may refuse the later application, in so far as the same debts are concerned. P. 123.

294 Fed. 867, affirmed.

CERTIORARI to a judgment of the Circuit Court of Appeals affirming an order of the District Court, which denied in part an application for a discharge in bankruptcy. 290 Fed. 609.

*Mr. Paul Carrington,* with whom *Messrs. Joseph Manson McCormick* and *Francis Marion Etheridge* were on the briefs, for petitioner.

No appearance for respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

On November 1, 1915, the petitioner filed in the federal district court for the northern district of Texas a voluntary petition in bankruptcy. Within the statutory time he applied for his discharge, which was contested. The referee, to whom it had been referred as special master, having died after a hearing, his successor as referee reviewed the record and recommended that the discharge be denied. The referee's report was filed with the clerk, but not acted upon by the court, nor was the matter ever brought to the court's attention by the petitioner or any other interested party. On November 11, 1922, a second voluntary petition was filed by the bankrupt. The creditors listed in the first petition were, together with others, included in the second. In February, 1923, the petitioner filed an application for a discharge under the second proceeding. The referee recommended that the discharge be granted. The court, upon its own initiative, took judicial notice of the pendency of the former application and denied the second, in respect of the creditors included in the first petition; granted it as to the additional creditors; and, upon an inspection of the record, denied, by a separate order, the discharge sought under the original proceeding. 290 Fed. 609. The order denying in part the second application was affirmed on appeal by the circuit court of appeals. 294 Fed. 867. A motion was made in the district court for a rehearing of the question of discharge under the original proceeding, but what, if any, action has been taken respecting it, does not appear.

The opinions of the two courts do not proceed upon precisely similar grounds, but they reach the same conclusion, which is, in effect, that the pendency of the first application precluded a consideration of the second in respect of the same debts. In this conclusion we concur. A proceeding in bankruptcy has for one of its objects the

discharge of the bankrupt from his debts. In voluntary proceedings, as both of these were, that is the primary object. Denial of a discharge from the debts provable, or failure to apply for it within the statutory time, bars an application under a second proceeding for discharge from the same debts. *Kuntz* v. *Young,* 131 Fed. 719; *In re Bacon,* 193 Fed. 34; *In re Fiegenbaum,* 121 Fed. 69; *In re Springer,* 199 Fed. 294; *In re Loughran,* 218 Fed. 619; *In re Cooper,* 236 Fed. 298; *In re Warnock,* 239 Fed. 779; *Armstrong* v. *Norris,* 247 Fed. 253; *In re Schwartz,* 248 Fed. 841; *Horner* v. *Hamner,* 249 Fed. 134; *Monk* v. *Horn,* 262 Fed. 121. A proceeding in bankruptcy has the characteristics of a suit, and since the denial of a discharge, or failure to apply for it, in a former proceeding is available as a bar, by analogy the pendency of a prior application for discharge is available in abatement as in the nature of a prior suit pending, in accordance with the general rule that the law will not tolerate two suits at the same time for the same cause.

Here there was no plea or objection by any interested party, and it is argued that this is a necessary prerequisite to a consideration of the matter—that the court may not refuse a discharge *ex mero motu.* That such is the rule where the action of the court is based upon one or more of the acts of the bankrupt which operate to preclude a discharge may be conceded. But the objection that the issue is already pending, as that it has been adjudged, goes to the right of the bankrupt to maintain the later application, not to the question of the evidence or grounds upon which the relief may be granted if the application be maintainable. The refusal to discharge was not on the merits but upon the procedural ground that the matter could not properly be considered or adjudged except upon the prior application. This application had been reported upon adversely by the referee; was still pending, and, in ordinary course, could have been considered and acted

upon by the court. To ignore it and make a second application, involving a new hearing, was an imposition upon and an abuse of the process of the court, if not a clear effort to circumvent the statute by enlarging the statutory limitation of time within which an application for a discharge must be made. In such a situation the court may well act of its own motion to suppress an attempt to overreach the due and orderly administration of justice. What is said in the *Fiegenbaum Case, supra,* p. 70, is appropriate here: " Not only should the court of bankruptcy protect the creditors from an attempt to retry an issue already tried and determined between the same parties, but the court, for its own protection, should arrest, *in limine,* so flagrant an attempt to circumvent its decrees." There is nothing in *Bluthenthal* v. *Jones,* 208 U. S. 64, to the contrary. There the previous denial of a discharge had been in another court sitting in another state. This court held that, while an adjudication in bankruptcy, refusing a discharge, came within the rule of *res judicata,* the court in which the second proceeding was brought was not bound to search the records of *other* courts and give effect to their judgments. This is far from saying that the court may not take judicial notice of, and give effect to, its own records in another but interrelated proceeding, as this was. See *In re Loughran, supra,* p. 621; *Bienville Water Supply Co.* v. *Mobile,* 186 U. S. 212, 217; *Dimmick* v. *Tompkins,* 194 U. S. 540, 548; *Louisville Trust Co.* v. *Cincinnati,* 76 Fed. 296, 318; *In re Sussman,* 190 Fed. 111, 112.

The order of the district court denying the first application is not before us for consideration. If erroneous, relief may be afforded by proper and timely application to that court or by an appellate review of the order.

*Judgment affirmed.*