### In re D. H. STIEBEL & SONS.
### No. 5494.

Circuit Court of Appeals, Sixth Circuit.
May 13, 1930.

D. A. Sachs, Jr., of Louisville, Ky. (Emile Steinfeld and Gifford & Steinfeld, all of Louisville, Ky., on the brief), for appellants.

R. P. Hobson, of Louisville, Ky. (Woodward, Hamilton & Hobson, of Louisville, Ky., on the brief), for appellees.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

At the time set for hearing appellants' petition for discharge in bankruptcy, the trustee appeared by counsel and entered his appearance as objecting. Specifications in opposition were duly filed within the following ten days. General Order XXXII. It subsequently developed that the trustee had not been properly authorized to resist the discharge at a meeting of the creditors called for such purpose. Section 14b of the Bankruptcy Act (11 USCA § 32(b). The only question for decision here is whether, in such event, the District Court is justified in permitting other creditors, upon their application, to be substituted for the trustee and then file and prosecute the same specifications.

Upon filing his original specifications, the trustee was acting, not for himself or in any personal capacity, nor for any specific creditor, but as the general representative of all creditors. When it became apparent that his authority to so act was technically defective, we think the District Court had power to entertain and allow a motion to be substituted on the part of other creditors, who had refrained from entering an appearance and filing specifications only because such act seemed vain in view of their apparent representation by the trustee. The decisions upon the point all hold the right to enlarge the time for entering appearance and filing exceptions rests in the sound discretion of the District Judge. In re Levin, 176 F. 177 (C. C. A. 1); In re Brecher, 4 F.(2d) 1001 (C. C. A. 2); In re Rerat (D. C.) 14 F.(2d) 607; same case, sub nomine Rerat v. Fisk Tire, Inc., 28 F.(2d) 607 (C. C. A. 8); In re Houghton, Fed. Cas. No. 6730 (D. C. Mass.). We see nothing in Freshman v. Atkins, 269 U. S. 121, 46 S. Ct. 41, 70 L. Ed. 193, militating against this position. Nor do we think that the court below abused his discretion.

Lastly, even though the power of the court were limited, as appellant contends, to enlarging the time for filing specifications only, and did not extend to the right to allow appearance to be entered after rule day, the action taken in the present case impresses us as more closely analogous to an amendment or intervention of another creditor upon the

abandonment of objections already filed than to delayed original action by a creditor. Compare Schlicht v. De Groot et al. (C. C. A. 6) 38 F.(2d) 621, decided March 5, 1930. Affirmed.

## THE VIM.
### No. 1614.

District Court, D. Rhode Island.
May 21, 1930.

Charles W. Hagen and Charles A. Van Hagen, Jr. (of Bigham, Englar, Jones & Houston), both of New York City, and Archibald C. Matteson, of Providence, R. I., for libelant.

Harold A. Andrews (of Hinckley, Allen, Tillinghast, Phillips & Wheeler), of Providence, R. I., for respondent.