## PEOPLES LOAN & SAVINGS CO. v. DOWDLE.

### No. 8395.

Circuit Court of Appeals, Fifth Circuit.

Oct. 29, 1937.

Sumter M. Kelley and R. B. Pullen, both of Atlanta, Ga., for appellant.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

On October 11, 1933, Charles Emmett Dowdle was adjudged a voluntary bankrupt. His only assets were household goods worth $300 claimed as exempt. Several of the creuitors scheduled held debts which had been scheduled in a prior voluntary bankruptcy petition filed November 21, 1928. No application for discharge was ever made in the bankruptcy of 1928 and the proceeding has never been closed. The application for discharge in the present proceeding is resisted by Peoples Loan & Savings Company, which still holds a note scheduled in the former proceeding, on the ground that the·failure to apply for a discharge in the former bankruptcy "by operation of law resulted in a judgment in favor of this creditor and against the bankrupt * * * for which reason said bankrupt is not entitled to a discharge as against this creditor." It does not appear why a discharge was not applied for in 1928. There is nothing to suggest that there existed any reason for not granting it if applied for. The referee as special master recommended on the authority of Bacon v. Buffalo Cold Storage Co. (C.C.A.) 193 F. 34, a discharge excepting from it the debts scheduled in the bankruptcy of 1928. The judge granted an absolute discharge, referring to Prudential Loan & Finance Co. v. Robarts (C.C.A.) 52 F.(2d) 918. Both cases are by this court.

The decision in the Robarts Case cannot be taken as authority in this. There it was assumed that a failure to apply for a discharge raised a presumption that one could not be obtained, but it appeared that six years had not elapsed since a previous discharge had been gotten, and for that reason another could not have been obtained. We thereupon held in a third proceeding that it would be assumed that the prematurity of the second proceeding was the ground of failure to obtain the discharge in it and that, since the third proceeding escaped that fault, a discharge under it was not cut off by the failure to apply in the second proceeding. That reasoning would apply only where prematurity appeared to be the reason for not obtaining a discharge.

In the Bacon Case the facts were much as they are here. Judge Grubb was for following the theory of Kuntz v. Young (C.C.A.) 131 F. 719, and some other cases, that the failure to apply for discharge results in an adjudication by default that a discharge was not grantable as against the scheduled debts. Judge Shelby thought there was no adjudication since there was no judgment, but that the right of discharge became barred by the failure to claim it in the time limited by the Bankruptcy Act, and could never again be asserted against the scheduled debts. Judge Pardee thought the bar applied only to the bankruptcy proceeding then pending, and not to a new one, unless it were really merely a renewal of the old case. Judge Grubb reserved the question whether, if in the new bankruptcy there were new assets in which the old creditors shared, they would be estopped to resist discharge. The judgment rendered affirmed the grant of a discharge which excepted from it the debts scheduled in the former bankruptcy. Certiorari was denied by the Supreme Court, Bacon v. Buffalo Cold Storage Co., 225 U.S. 701, 32 S.Ct. 836, 56 L.Ed. 1264.

The case of Freshman v. Atkins, 269 U. S. 121, 46 S.Ct. 41, 70 L.Ed. 193, also from this court, is not in point, for there a discharge in the first bankruptcy was applied for and the application was pending unheard. The opinion recognizes that an actual judgment denying a discharge gives rise to a res judicata but speaks of the failure to apply as raising only a bar.

A majority of the court think the bar which attaches on failure to apply prevents discharge of the scheduled debts in any subsequent bankruptcy. The writer thinks that no res judicata can exist where no judgment has been rendered, and that the bar by failure to apply ought to follow into a second bankruptcy only when it is manifestly a mere renewal of the former one; but, where several years elapse and new debts have been contracted and new assets are scheduled, there is a new bankruptcy and the purpose of the Bankruptcy Act is better served by discharging all provable

debts but those excepted expressly by the act, unless one of the grounds for denying a discharge which the act names is proven.

In accordance with the view of the majority of the court, the judgment is reversed with direction to except from the discharge the debts scheduled in the former bankruptcy.

Judgment reversed.