656

## In re KOUGH.
### No. 3855.

District Court, N. D. Oklahoma.

Dec. 8, 1938.

Merrill S. Bernard, of Tulsa, Okl., for movant.

J. C. Todd, of Tulsa, Okl., for bankrupt.

FRANKLIN E. KENNAMER, District Judge.

Upon his voluntary petition, Lawrence Gilbert Kough was adjudicated a bankrupt by this court in Case No. 2790–B on August 5, 1935. The proceedings was dismissed for want of prosecution on January 27, 1936. Among the debts of bankrupt scheduled in that proceeding was a provable claim in favor of C. J. Allen, as assignee of Dr. R. Q. Atchley. No application for a discharge was made during the pendency of said proceeding.

Kough again filed a voluntary petition in the present proceeding and was adjudicated a bankrupt herein on July 11, 1938. He has listed in his schedules the aforesaid debt due Allen, as assignee.

Allen has filed a motion to dismiss the present proceeding upon the ground that his claim herein scheduled was also scheduled by bankrupt in the prior dismissed proceeding.

Section 14a, 11 U.S.C.A. § 32 (a), of the Bankruptcy Act requires a bankrupt to apply for a discharge within twelve months of his adjudication, unless "unavoidably prevented," in which case he may have six months more for filing his application. Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 lays down the rule that the denial of a discharge from the debts provable or failure to apply for it within the statutory time, in a proceeding in bankruptcy, bars an application under a second proceeding for a discharge from the same debts. As stated in Re Schwartz, 2 Cir., 89 F.2d 172, the convincing reason for such holding is that to grant a discharge in the second proceeding as against debts provable in the first would, in effect, permit the bankrupt to evade the limitation contained in the above cited Section 14a. In a similar case, the Tenth Circuit has followed Freshman v. Atkins. See Hill v. Railroad Industrial Finance Co., 92 F.2d 973.

Bankrupt cites the case of In re Perry, D.C., 50 F.2d 464, 465, decided by Judge Underwood of the Northern District of Georgia in 1931 as supporting the petition that the Allen debt is dischargeable in the present proceeding. This case does so hold, but is contrary to the great weight of authority. Also, the Fifth Circuit has apparently rejected the reasoning of Judge Underwood in that case by its decision in Peoples Loan & Savings Co. v. Dowdle, 92 F.2d 442, which is in line with the rule announced by Freshman v. Atkins, supra. Holmes v. Davidson, 9 Cir., 84 F.2d 111, is another very instructive case to the same effect.

It will be noted that a period of nearly three years elapsed after the time at which bankrupt might have first applied for a discharge in Case No. 2790–B before the present adjudication was made. Therefore, the principles announced by the cases cited are controlling, and bankrupt cannot be entitled to a discharge in this proceeding as to the claim of Allen, as assignee.

The Motion to dismiss the petition is sustained in so far as it pertains to the debt scheduled against movant.