### In re POTTER.

No. 25088.

United States District Court
E. D. New York.

Jan. 24, 1949.

Herman G. Robbins, of Brooklyn, N. Y., for judgment-creditor, East New York Lumber Corporation, for motion.

Burke, Morrison & Green, of Jamaica, N. Y. (Harry Green, of Jamaica, N. Y., of counsel), for bankrupt, opposed.

BYERS, District Judge.

This is a creditor's motion for an order excepting its judgment of June 4, 1931, against the bankrupt, from the discharge obtained by him on January 12, 1934, in voluntary bankruptcy proceedings started in August of 1933; thus the motion was made (December 9, 1948) nearly 15 years subsequent to the discharge.

The basis is that the original debt (not the judgment) was also listed in an earlier proceeding filed December 7, 1931, which was closed February 3, 1932, not, however, as the motion papers state, for failure to pay the referee's indemnity, since the latter filed a certificate of conformity. However, it does appear that the bankrupt did not apply for a discharge; wherefore, none was granted.

Both were no asset cases.

The sole question is whether the legal effect of the disposition of the earlier proceeding is that the discharge in the second must be deemed a nullity, having been procured within 6 years after the close of the first proceeding.

The creditor's position is that the failure to apply for a discharge in the first proceeding is required to be treated as though proper application had been made therein and denied.

Since all proceedings were concluded in 1934, the 1938 amendments to the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., do not apply.

In Freshman v. Atkins, 1925, 269 U.S. 121, at pages 122, 123, 46 S.Ct. 41, 70 L.Ed. 193, the Court said: "A proceeding in bankruptcy has for one of its objects the discharge of the bankrupt from his debts. In voluntary proceedings, as both of these were, that is the primary object. Denial of a discharge from the debts provable, *or failure to apply for it within the statutory time, bars an application under a second proceeding for discharge from the same debts.*" Citing cases. (Italics supplied.)

Among the latter, see: In re Loughran, 3 Cir., 218 F. 619; In re Springer, D.C., 199 F. 294; and Kuntz v. Young, 8 Cir., 131 F. 719. See also: In re Silverman, 2 Cir., 157 F. 675; and In re Finkelstein, D.C., 62 F.Supp. 1015.

These and many other cases have been read in the effort to ascertain whether the lapse of time should militate against the creditor, for at first sight there seems to be reason in the suggestion that his delayed activity merely gives countenance to the bringing to light of stale matters that have long since been written off, and are now revived largely for the benefit of specialists in such traffic.

The answer seems to be that the mere passage of time cannot cure a congenital condition of legal nullity. If the second proceeding was unavailing to discharge this debt in 1934, it is equally so in 1948. One who resorts to the bankruptcy law as a way out of paying his debts must conform to its requirements, if he is to achieve the desired result. If he fails to do that, the fault is his, not the law's.

Motion granted. Settle order.