**Sidney F. PATON, Bankrupt and Appellant,**

v.

**John M. ENGLAND, Trustee and Appellee.**

No. 71-2896.

United States Court of Appeals, Ninth Circuit.

June 19, 1972.

Raymond L. Mushrush, of Jacobs & Mushrush, San Francisco, Cal., for bankrupt and appellant.

Dennis J. Montali, of Rothschild & Phelan, San Francisco, Cal., for trustee and appellee.

ORDER AFFIRMING JUDGMENT

Before KOELSCH, HUFSTEDLER and WRIGHT, Circuit Judges.

PER CURIAM:

The matter is here on the bankrupt's petition to review the judgment of the

district court which affirmed the referee's denial of a discharge in bankruptcy.

Denial was rested on the statutory ground that the bankrupt "while engaged in business as a . . . partnership . . . [had] obtained for such business money or property on credit . . . by making . . . a materially false statement in writing respecting his financial condition or the financial condition of such partnership. . . ." 11 U.S.C. § 32(c) (3).

Petitioner does not deny that his financial manipulations bring him within the above quoted statute; his attack is directed against the statute. Stressing that the adjudication was not on a voluntary petition, but on one filed against him by creditors, he argues that "It is inconsistent with fairness and justice to permit creditors to involuntarily subject a debtor to bankruptcy administration and at the same time deny him its primary relief. . . ." We must disagree.

██ It is at least doubtful that discharge of the debtor is the "primary relief" in instances where the adjudication is involuntary.[1] See Freshman v. Atkins, 269 U.S. 121, 123, 46 S.Ct. 41, 70 L.Ed. 193 (1925). However, be that as it may, the Court, over the years, has frequently pointed out that the Congressional solicitude is limited to, and the prophylactic benefit of a discharge is exclusively reserved for, "the honest and unfortunate debtor . . ." the purpose being to afford him "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of a pre-existing debt." Local Loan Co. v. Hunt, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). There can be no doubt of the power of Congress to discriminate between the worthy and the unworthy

debtor with respect to the matter of discharge. Hanover Nat. Bank v. Moyses, 186 U.S. 181, 192, 22 S.Ct. 857, 46 L.Ed. 1113 (1902). And there is no compelling reason why dishonest debtors who are forced into bankruptcy on creditors' petitions must be afforded more consideration than those who seek their own adjudication.

None of petitioner's remaining points are of sufficient substance to warrant discussion.

Affirmed.

---

1. Historically, the object of bankruptcy proceedings was first to protect creditors and second to relieve deserving debtors of their financial burdens. Williams v. United States Fidelity & Guaranty Co., 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1915).