**In re Eugene Allen WEAD and Shirley Ann Smith Wead, his wife, etc., Debtors.**

**Bankruptcy No. 84–00054(N).**

United States Bankruptcy Court, E.D. Missouri, N.D.

April 17, 1984.

Jack F. Allen, Clayton, Mo., for debtors.

Lloyd A. Palans, Clayton, Mo., for Brookfield Production Credit Ass'n.

Clifford H. Ahrens, Hannibal, Mo., for Federal Land Bank of St. Louis.

D. Paul Hazelrigg, James Leroy Paalhar, Joe Smith, Vice President, Brookfield, Mo., Glenn R. Duncan, Jr., President, Linneus, Mo., Creditors' Committee.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

The matter being considered here is the motion of the Brookfield Production Credit Association to dismiss the debtors' Chapter 11 Bankruptcy petition filed on March 30, 1984. An expedited hearing, upon movant's request, was conducted on April 13, 1984. This memorandum is based upon the arguments of counsel at the hearing, and the Court's consideration of the contents of this file, as well as the entire record in a separate pending bankruptcy case filed by these debtors.

On November 5, 1982, these debtors filed a petition for an order of relief to permit reorganization of their farming business, pursuant to Chapter 11 of the Bankruptcy Code. On July 27, 1983, the Bankruptcy Court entered findings and conclusions upon several matters, and ordered that the debtors' request to approve a disclosure statement in connection with a proposed plan of reorganization be denied. The previous findings and conclusions are being considered in this proceeding; therefore, a copy of the order of July 27, 1983, is attached hereto. On the same date, the Bankruptcy Court granted the motions of two creditors to dismiss the first Chapter 11 case. Thereafter, the debtors' motion to alter the order of July 27th was denied by the Bankruptcy Court on November 1, 1983. The debtors' filed a notice of appeal to the United States District Court for the Northern Division of the Eastern District of Missouri on November 14, 1983. On November 15, 1983, the debtors' motion to stay execution of the Bankruptcy Court order of July 27, 1983, was denied by the Bankruptcy Court. The United States District Court entered an order on March 7, 1984, dismissing the debtors' appeal from the Bankruptcy Court order. On March 19, 1984, the debtors filed a motion to alter the District Court order which dismissed the appeal from the Bankruptcy Court. The latest motion was pending at the time of this hearing.

■ The record clearly indicates that the debtors filed this second Chapter 11 petition for reorganization on March 30, 1984, while the first Chapter 11 bankruptcy case was pending; and that the first case was pending at the time of the hearing on the motion to dismiss the second case. To the extent possible, the Court has compared the list of creditors in each case and concluded that the two cases affect essentially the same debts and creditors. Furthermore, each case is based upon a Chapter 11 petition which was voluntarily filed by the debtors. It is generally accepted that the pendency of one bankruptcy case precludes a consideration of a second case filed by the same debtor(s) and involving the same debts. *Freshman v. Atkins*, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925). Although the *Freshman* case was decided upon early bankruptcy law, the principles affirmed by the Supreme Court are based upon solid tenants of non-bankruptcy law. *Freshman*, supra, at 123, 46 S.Ct. at 42. A recent decision of the United States District Court for the Western District of Pennsylvania has determined that the *Freshman* decision is still good law and has been relied upon in other recent bankruptcy cases. *Prudential Insurance Co. of America v. Colony Square*, 29 B.R. 432, 436 (W.D.Penn.1983). Rather than dismiss the second bankruptcy case outright, the Court in *Colony Square* transferred the matter to the Bankruptcy Court for the Northern District of Georgia where the first reorganization case was still pending, for further consideration of the motion to dismiss.

■ Therefore, this Court finds that it cannot entertain or consider a second Chapter 11 petition involving the same debtors

and essentially the same debts, when the first case is still pending.

In the interests of fairness, the Court must consider the debtors' purpose in filing the second petition. Counsel for Brookfield Production Credit Association, movant in this proceeding, has suggested that the debtors' actions are intended to trigger the operation of the automatic stay in the new case, under circumstances where a similar stay has been ordered terminated by dismissal of the first case. This argument is supported by the fact that Brookfield Production Credit Association had begun foreclosure proceedings upon its collateral, after a motion to stay entry of the dismissal order had been denied and while the appeal was pending before the District Court. The debtors' requests to stop this foreclosure action in the first case had been denied. It is not improvident to conclude that one of the reasons for filing the second case was to attempt to interrupt the foreclosure by operation of the second automatic stay. If allowed, such actions could continue to frustrate creditors' legitimate collection activities for as long as the debtors' finances would provide filing fees and legal expenses. Neither the Bankruptcy Code nor the policies of the Court permit repetitive filings.

The debtors have argued that they intend to file a proposed plan which will provide for the liquidation of real and personal property of a value sufficient to pay some money to all creditors. The sale would take place not later than 18 months after the effective date of the new plan; although the property has been listed for sale (at a price which is approximately $15,000.00 less than the value scheduled in the bankruptcy papers), no contracts have been presented, and the only interest in the farmland has involved a purchase price which is $17,000.00 less than the listing price. The debtors also have been unable to obtain post-bankruptcy loans from the Farmers Home Administration, and have been unable to obtain financing for certain property in the State of Iowa. Further-more, the debtors have not suggested the manner in which secured creditors' interests would be protected during the more than 18-month period from the date of this hearing. 11 U.S.C. §§ 362, 363, or 364. Therefore, the Court finds and concludes that the debtors have not presented any basis upon which the findings and conclusions in the first case may be reconsidered, and that there remains no reasonable likelihood of reorganization.

The Court finds further that the debtors' creditors will continue to be prejudiced by the operation of the second bankruptcy case. As farmers, the debtors may not be subjected to an involuntary conversion of the Chapter 11 case to a Chapter 7 case, even though a liquidating plan is contemplated in the second case. Furthermore, continuation of the second case will prevent enforcement of the secured creditors' lien rights, which action has not been prevented by the judicial action in the first case.

Upon consideration of the record as a whole, the Court finds that in filing the second Chapter 11 case, the debtors did not act in good faith, in the sense that they attempted to use the Bankruptcy law to contradict existing judicial processes, rather than to benefit the estate and all parties in interest. These actions are not sufficient, however, to sustain movant's request for the entry of a money judgment for attorney's fees in the second case.

\*     \*     \*     \*     \*     \*

The debtors have objected to the setting of the hearing in this matter without notice to all creditors as set out in Bankruptcy Rule 2002. The Bankruptcy Clerk has not notified creditors of the filing of the second case, and a meeting of creditors has not yet been scheduled. To require notice of a motion to dismiss to all creditors prior to consideration of a jurisdictional question in these circumstances is neither appropriate nor required by the Code.

APPENDIX
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

In re                                       )
                                            )
EUGENE ALLEN WEAD and                       )        Case No. 82–00249(N)
SHIRLEY ANN SMITH WEAD,                     )
        Debtors.                            )

At Saint Louis, in this District, this 27th day of July, 1983.

The following hearings were called in this matter on July 27, 1983:

To consider approval of the debtors' disclosure statement;

To consider the objection to the Plan of Reorganization, and the motion to dismiss the Chapter 11 case filed by the Federal Land Bank of St. Louis;

To consider the objection to the Plan of Reorganization, and the motion to dismiss the Chapter 11 case filed by the Brookfield Production Credit Association;

Upon consideration of the record as a whole, the Court announced its findings from the bench, to wit:

That this bankruptcy case was filed on November 5, 1982;

That the debtors-in-possession filed a proposed Plan on May 18, 1983, after the Brookfield Production Credit Association had filed a motion to dismiss;

That the debtors filed a disclosure statement on June 3, 1983, after being so ordered by the Court;

That the debtors' reports of the financial condition of their estate, filed in response to the Court's order, reflect that some secured creditors have been receiving payments during the pendency of this Chapter 11 case; and that the income and expense statement suggests a net loss for the period between November 5, 1982, and July 15, 1983;

That the disclosure statement does not refer to a feasible plan of reorganization;

That the disclosure statement does not contain adequate information as to the source of funding for the proposed plan;

That the disclosure statement is based on speculation in that the projected source of income is not based on the debtors' business history, but rather upon a belief as to what will occur in the future;

That the disclosure statement does not include adequate information about the possible post-confirmation liquidation of some of the debtors' assets, the proceeds of which would partially fund the plan;

That the proposed plan contains no provision for outside financing;

That the projected income statements do not provide a reasonable assurance that the plan will be funded as proposed;

That the claims of the Brookfield Production Credit Association and the Federal Land Bank of St. Louis, secured creditors, are impaired under the proposed plan;

That the Brookfield Production Credit Association and the Federal Land Bank of St. Louis will not receive the value of their claims in the proposed plan;

That the debtors' plan is not feasible, and that there is no reasonable likelihood that a feasible plan can be submitted;

That the debtors' continued operations in the Chapter 11 proceeding are prejudicial to the best interests of the creditors and of this estate;

Therefore,

IT IS ORDERED that the debtors' disclosure statement filed on June 3, 1983, is not approved; and

That the motions of the Brookfield Production Credit Association and the Federal

Land Bank of St. Louis to dismiss this case are GRANTED; and

That the Chapter 11 petition and case of Eugene Allen Wead and Shirley Ann Smith Wead be and hereby are dismissed.