**In re Carlton McDANIELS, Jr., Marianne McDaniels, Debtors.**

**Bankruptcy No. 97–50423–JDW.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Aug. 14, 1997.

Robert O. House, Macon, GA, for Debtors.

Camille Hope, Chapter 13 Trustee, Macon, GA.

John Ray Davis, Jr., Macon, GA, for First Liberty Bank.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Trustee's Motion to Dismiss based upon failure by Carlton McDaniels, Jr. and Marianne McDaniels ("Debtors") to make Chapter 13 plan payments. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(A). After considering the pleadings, evidence presented and applicable authorities, the Court enters the following findings of fact and conclusions of law in compliance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

This Chapter 13 case came before the Court on June 16, 1997 for confirmation and

for a hearing on Trustee's Motion To Dismiss. Debtors have made no payments to the Chapter 13 Trustee since this case was filed on January 27, 1997. In addition, Debtors have not filed 1996 tax returns. Most cases in this position would have been dismissed in response to the Trustee's motion.

The complication in this case is presented by First Liberty Bank, the holder of the mortgage on Debtors' personal residence. An order granting stay relief to this creditor was entered on April 14, 1997. First Liberty was advertising the property for foreclosure during the month of June, expecting to conduct a non-judicial foreclosure sale on the first Tuesday in July.

*Conclusions of Law*

■ First Liberty argues that if the case were dismissed on the day of the hearing, Debtors would refile the case so as to prevent the foreclosure sale. Debtors neither confirmed nor disputed this allegation. When debtors falter financially and then later recover, many of them appear to find it easier to establish a new plan in the context of a new case than to attempt to modify the plan in the existing case. The Code is routinely interpreted to provide that some benefits may be enjoyed in a new case which might not be allowed in an existing case. For example, as this case illustrates, a new filing would automatically impose a new automatic stay. Even though the new automatic stay might be quickly dissolved by an order of the Court under section 362(f), the creditor must take the initiative to request such relief. In the case of a filing on the eve of foreclosure, it is sometimes impossible for a creditor to complete that task within the short time necessary to avoid the loss of the foreclosure window of opportunity on the first Tuesday in the month.[1]

■ To get from a first case to a second case, the first case must be dismissed. Many debtors dismiss their cases voluntarily as authorized under section 1307(b). The debtor's right to dismiss a case is not subject to approval by the court. The section provides that "on request of the debtor at any time, . . . the court *shall* dismiss a case under this chapter [Emphasis supplied]." This right becomes problematic to the debtor intending to refile if a motion for stay relief has been requested in the case. In that event, if a debtor requests and obtains a voluntary dismissal, that debtor is disqualified from filing another case for a period of six months. See 11 U.S.C. § 109(g)(2).

A debtor's alternative to voluntary dismissal is for the case to be dismissed on the motion of Trustee or some other party in interest. When the debtor stops making payments into the plan, the Chapter 13 Trustee files a motion to dismiss which is likely to be granted, especially if it is not opposed by the debtor. In the wake of such a dismissal, the debtor is free to file another case without any section 109(g)(2) restraints.

In this case, First Liberty Bank requests that the Court deny Trustee's Motion To Dismiss. The benefit of this course would be to continue the case in pending status for a time sufficient to permit the bank to complete its foreclosure. If Debtors were to file another case while the current case is pending, it is likely that the new case could be promptly dismissed under the "prior pending" rule.[2]

---

1. The potential for this abuse is inescapable under the provisions of the current bankruptcy code. In some other jurisdictions, courts deal with this problem by dismissing cases with prejudice so as to bar refiling within a certain period of time, usually six months. Such an alternative is not available in this district due to a decision by Chief Judge Robert F. Hershner, Jr. in the case of *In re Jones*, 192 B.R. 289 (Bankr.M.D.Ga. 1996). In a well reasoned opinion, Judge Hershner concluded that dismissals with prejudice are not authorized under existing law.

2. The United States Supreme Court has held that the filing of a second bankruptcy petition regarding the same debts or assets as a pending bankruptcy case cannot be maintained. *See Freshman v. Atkins*, 269 U.S. 121, 123, 46 S.Ct. 41, 41–42, 70 L.Ed. 193 (1925). The Court explained that its conclusion was "in accordance with the general rule that the law will not tolerate two suits at the same time for the same cause." *Id.* In spite of the substantial changes to bankruptcy law since the rendering of the *Freshman* opinion, the holding is still followed today. *See. e.g., GEIBank Indus. Bank v. Martin (In re Martin)*, 97 B.R. 1013 (Bankr.N.D.Ga. 1989). The *Martin* court stated the following:

    [A] debtor may not maintain two simultaneous and separate bankruptcy proceed-

Debtors contend that the failure to dismiss this case in response to Trustee's motion is unfair. They argue that such inaction by the Court in response to First Liberty Bank's request is an illegitimate conspiracy between the creditor and the Court to assist the creditor in the exercise of its state law remedies. Debtors argue that the criteria for dismissing this case are fully satisfied and that First Liberty Bank's objection to this dismissal is without any basis in law.

The dilemma presented by this case is equally present in many other cases which are dismissed on trustees' motions. The only element missing from those other cases is the active objection from the creditor. This case squarely presents the issue for consideration.

■ The role of the Trustee in these cases deserves some careful analysis. The Trustee is equipped to routinely proceed with motions to dismiss where there is a payment default. The Trustee is not equipped to consider the disadvantage that such a motion might present to a secured creditor such as First Liberty Bank in this case. Even if it were possible for the Trustee to be cognizant of such circumstances, it would be inappropriate for the Trustee to fail to make the motion to dismiss. Even though the dismissal might complicate the secured creditor's enforcement of its foreclosure rights, the dismissal might have other effects which would be beneficial to other creditors who do not have foreclosure available to them as a remedy.

The task of attempting to balance the consequences of dismissal among all the creditors in a case is an impossible one. The Trustee's role should be limited to the establishment of reasonable and uniform parameters, and, thereafter, to enforce those parameters in each case without favor or affection to any party. The Trustee's discretion necessarily includes a wide latitude to work with the debtor to permit the debtor to catch up delinquent payments under the plan. All creditors can benefit from this effort. This wide latitude does not, however, include the possibility of working with a creditor to try to assist that creditor in the enforcement of its state law remedies against the debtor. There should be no postponement of a trustee's motion to dismiss a case for that purpose.

Having determined that the Trustee should not postpone the filing of a motion to dismiss under these circumstances, the question remains as to whether the Court can and should delay granting the motion to prevent abuse to creditors. Debtor argues that the exercise of the Court's discretion in this way is no more appropriate than the exercise of that same discretion by the Trustee. The argument is appealing except for one critical difference between the Court and the Trustee. The Trustee is not in a position to relieve the automatic stay as to all of the creditors in the case. If the Trustee were to postpone dismissal of a case in an effort to aid a particular secured creditor in the exercise of its foreclosure rights, the continuing pendency of the automatic stay might serve as a detriment to other creditors during a time when the case is financially defunct. Those other creditors would continue to be subject to the automatic stay and, yet, would have no prospect for receiving any benefit from the continuing restraints of the automatic stay.

The Court, unlike the Trustee, is in a position to relieve the automatic stay either in response to the motion of a party in interest or sua sponte. Pursuant to 11 U.S.C. § 362(d)(1) the Court "shall grant relief from the stay ... for cause...." The term "cause" is not defined in the Code. It appears that the Code defers to the Court's discretion in the determination of "cause." There are, however, two elements of that section which bear careful consideration.

ings.... The filing of two simultaneous petitions is contrary to the obvious contemplated function of the Bankruptcy Code to resolve debtors' financial affairs by administration of a debtor's property as a single asset under a single chapter within the Code. *Associates Financial Servs. Corp. v. Cowen (In re Cowen)*, 29 B.R. 888, 894 (Bankr.S.D.Ohio 1983) (citing 11 U.S.C. §§ 103, 301, 302, and 303)....[The] debtor's filing of a Chapter 7 petition, with a Chapter 13 case still pending, was abusive and invalid. With a case pending, [the] debtor was ineligible to file a new case thus creating a new stay.
*In re Martin*, 97 B.R. at 1016–17.

The first is that the granting of relief *may only be obtained* "after notice and a hearing." *Id.* § 362(d). This term is defined in 11 U.S.C. § 102(1) as "after such notice as is appropriate in particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances...." In the context of a motion to dismiss by the Trustee, the possibility of relief in the nature of lifting the automatic stay is implicit. In this case, Debtors had ample opportunity to present their point of view at the hearing on the Motion To Dismiss. In fact, in this case, extensive testimony was offered by Debtors along with arguments by their counsel. No purpose would be served by further notice and hearing as to the question of the relief of the automatic stay in the case. Since creditors in the case will not receive any further benefit from the pendency of this case, there is no purpose for any continuation of the automatic stay. Such would not be the case if, for example, Debtors had proposed a reasonable modification to the plan in response to the motion to dismiss. The posture of this case remains as one where Debtors have no intention of making any further payments to the Chapter 13 Trustee. If Debtors do not oppose dismissal, how can Debtors oppose relief from the automatic stay? If Debtors contend that stay relief should not be granted without dismissal, Debtors can voluntarily dismiss the case upon being advised of the release of the automatic stay.

The other issue to be considered in connection with the Court's sua sponte release of the automatic stay is the matter of the requirement that the motion for relief from the automatic stay must come as a "request of a party in interest." No such request has been made by any actual party in interest in this case. Reference is made to 11 U.S.C. § 105(a). That section provides that "No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the Court from sua sponte, taking an action or making any determination necessary or appropriate to enforce or implement Court orders or rules *or to prevent an abuse of process* [emphasis added]." Accordingly, if it appears to the Court that a release of the automatic stay

is necessary to prevent abuse, the Court may take that step sua sponte, without regard to the fact that no party in interest has made such a request.

For the reasons stated here, the Court concludes that it may sua sponte relieve the automatic stay as to all creditors in the case while, at the same time, continuing the pendency of this case in order to permit the state law foreclosure rights of First Liberty Bank and any other creditor to be exhausted. Debtors have no cause in the Code or the Rules to complain about such a disposition of this case. Debtors are provided with a complete remedy in section 1307(b) wherein Debtor has the absolute right to cause the dismissal of this case. The fact that section 109(g)(2) may attach consequences to the exercise of that remedy which could limit the refiling of a new case does not present to the Court any imperative to construct some other course for Debtors to be dismissed from this case without such consequences. Debtors have no right to require that this case be dismissed except pursuant to section 1307(b). If it appears to the Court that the dismissal of this case is unjust as to one or more creditors, and if a remedy can be fashioned to avoid that injustice without depriving the debtor of his right to dismiss the case pursuant to section 1307(b), then this Court is obligated to provide such a remedy.

An order in accordance with this opinion will be entered on this date.

### ORDER

In accordance with the Memorandum Opinion entered on this date, it is hereby

ORDERED that the consideration of the Trustee's motion will be suspended for a period of six (6) months from the date of the entry of the order; and it is hereby further

ORDERED that the automatic stay in the case arising pursuant to section 362(a) shall be relieved and dissolved as to all creditors; and it is hereby further

ORDERED that any salary deduction order in force at this time is to be immediately vacated; and it is hereby further

ORDERED that during the continuing pendency of the case, the Court will consider any motions which might be made by any party in interest, including but not limited to motions to modify the Chapter 13 plan and motions to reimpose the stay as to one or more creditors, and it is hereby further

ORDERED that a copy of this order be served on parties in interest.