**In the Matter of Katia L. WILSON, Debtor.**

**No. 08–11481.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

June 17, 2008.

Earl Raskosky, Fort Wayne, IN, for Debtor.

Donald M. Aikman, Fort Wayne, IN, trustee.

### DECISION

ROBERT E. GRANT, Bankruptcy Judge.

The matter before the court requires it to interpret and apply the Seventh Circuit's decision in *In re Sidebottom*, 430 F.3d 893 (7th Cir.2005). There the court considered the propriety of a debtor simultaneously prosecuting two separate bankruptcy cases—first filing under Chapter 7 and then, before that proceeding could be concluded, making a second filing under Chapter 13. This case presents much the same scenario.

Debtor originally filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on October 4, 2006, which was docketed in this court as Case No. 06–11738. The debtor was never able to obtain confirmation of a proposed plan and, on August 28, 2007, the court relieved GRP Loan, LLC, which apparently holds a mortgage upon the debtor's home, of the automatic stay. Soon thereafter, at the debtor's request, the case was converted to Chapter 7 and she received a discharge on January 22, 2008. Despite the fact that the debtor has been discharged, her Chapter 7 case is not yet over. The trustee has identified it as an asset case and is in the process of attempting to administer whatever assets might be available for the benefit of creditors.

The debtor initiated this case on May 13, 2008, by filing a petition for relief under Chapter 13 of the United States Bankruptcy Code. Because her prior case had not been completed, given the Seventh Circuit's decision in *Sidebottom*, the court, on its own initiative, raised the issue of whether this case should be dismissed.

Although the issue had not been directly presented to it, in *Sidebottom*, the Seventh Circuit chose to address the question of whether a debtor could simultaneously proceed under both Chapter 7 and Chapter 13. The issue was one which had divided a number of courts. In analyzing those decisions, the Seventh Circuit concluded that the majority had endorsed a per se rule, prohibiting a debtor from having more than one bankruptcy case open at any time. *Id.* at 897. This position had its roots in the Supreme Court's decision, *Freshman v. Atkins*, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925), which prohibited a debtor from maintaining two simultaneous proceedings involving the same debts. The minority had "refrained from adopting an absolute ban on simultaneous filings" and, instead, "assess[ed] the propriety of the Chapter 13 case in light of the good faith standard applicable to confirmations of Chapter 13 plans." *Sidebottom*, 430 F.3d at 898. In choosing between these competing positions the court concluded that the majority had the better of the debate. *Id.*

Given the way the Circuit characterized the majority's position—as a per se rule prohibiting a debtor from having more than one bankruptcy case open at any time—*Sidebottom* could be construed as an absolute prohibition. Yet, given the way the court stated the issue it raised on its own volition—whether a debtor was enti-

tled to maintain a bankruptcy proceeding while an earlier proceeding involving the same debts was still pending, *id.* at 896— as well as its reliance upon *Adkins,* which had its roots in the common law prohibition against simultaneously prosecuting two suits seeking recovery for the same cause of action, *Sidebottom* may not be an absolute prohibition against ever having two bankruptcy cases pending at the same time. At a minimum, however, it does prohibit simultaneous cases involving the same creditors or the same debts.

The debtor argues that *Sidebottom* should not be read as always prohibiting simultaneous cases. Instead, counsel suggests that the court should follow what might be characterized as a fact-sensitive approach, in which the second case would only be prohibited if it was seen as an attempt to manipulate the bankruptcy process. Although counsel does not use the term good faith, the fact-sensitive approach he would have this court adopt is essentially the same type of approach which *Sidebottom* characterized as the minority position and which it quite clearly rejected.[1]

*Sidebottom* may or may not be an absolute ban on a debtor having two bankruptcy cases pending at the same time. Nonetheless, it clearly prohibits a debtor from having two cases pending at the same time when those cases have debts in common. That is the situation facing Ms. Wilson. Her counsel acknowledges that both the original case and the present case have some debts in common, such as GRP and Option One Mortgage, which hold liens upon the debtor's residence, as well as some priority claims. Given *Sidebottom,* since the original proceeding involving those obligations has not been concluded,[2] debtor's present case may not proceed and will therefore be dismissed. An order doing so will be entered.

---

1. The court will acknowledge that there are legitimate arguments in support of such an approach, particularly in a case such as this where the Chapter 7 case remains open for reasons beyond the debtor's control and the debtor has a need to deal with obligations that, for one reason or another, somehow survive the bankruptcy. That is the reason many courts, including this one, had permitted the second case to go forward so long as the right to discharge had been determined in the previous case. Yet, *Sidebottom* clearly placed that approach among the minority position it rejected, *Sidebottom,* 430 F.3d at 898, and so the court can no longer follow it.

2. Since the trustee is still in the process of administering assets this is not a situation in which the prior case has been finished except for some minor technicalities. *See, Id.* at 899.