**In re David A. HODURSKI, Debtor.**

**Bankruptcy Nos. 93–10484–JNF, 93–12645–JNF.**

United States Bankruptcy Court, D. Massachusetts.

June 30, 1993.

Charles W. Bohmfalk, Mashpee, MA, for debtor.

Charles A. Lovell, Joseph M. Szabo.

## MEMORANDUM

JOAN N. FEENEY, Bankruptcy Judge.

### I. INTRODUCTION

The matter before this Court arises from this Court's issuance of an Order to Show Cause why one of two pending cases filed by the above-named Debtor should not be dismissed. David A. Hodurski (the "Debtor") first filed a Chapter 7 petition on January 20, 1993. Before entry of a Chapter 7 discharge, the Debtor, on March 23, 1993, filed a Chapter 13 petition. The Court conducted a hearing on April 23, 1993 on its Order to Show Cause why the Chapter 13 case should not be dismissed in view of the pending Chapter 7 case. The Court took the issue of the simultaneous Chapter 7 and Chapter 13 filings under advisement. Resolution of this issue is particularly important in light of the increased number of so-called "Chapter 20" cases in this district. A "Chapter 20" case typically arises when

a Chapter 7 debtor seeks Chapter 13 relief to affect claims surviving the Chapter 7 discharge.

## II. FACTS

The Debtor filed a Chapter 7 petition on January 20, 1993. Approximately six weeks after the filing, Bristol Mortgage Corporation ("Bristol") filed a Motion for Relief from Automatic Stay (the "Motion") with respect to a promissory note secured by a mortgage on Debtor's principal residence at 46 Deer Ridge Road, Mashpee, Massachusetts. Bristol's mortgage was in arrears in an amount in excess of $90,000 at the time of the Debtor's Chapter 7 filing. Debtor's property was also encumbered by a second mortgage executed in favor of Associated Financial Services of America, Inc. ("Associated") that secured a note that also was in default at the time of the filing in an amount in excess of $10,000.

On March 31, 1993, the Court, without knowledge of the Debtor's Chapter 13 filing, conducted a hearing on Bristol's Motion. Neither the Debtor nor his attorney appeared at the hearing, and the Court granted Bristol permission to initiate foreclosure proceedings against Debtor's real estate.

Debtor's schedules in both his Chapter 7 and Chapter 13 list Bristol and Associated, as secured creditors holding secured claims against his residence, and Ford Motor Credit Corporation, as a secured creditor holding a secured claim on his vehicle in the amount of $13,000. Approximately two weeks after his Chapter 13 filing, the Debtor filed a Chapter 13 plan through which he proposed to pay approximately $1,300 per month toward all secured claims over a five year period and to cure the arrearages in a balloon payment at or prior to the plan completion date. Debtor's plan has not yet been confirmed, as his net income of $1,771.75 is insufficient to pay his monthly expenses of $940 and his secured creditors whose monthly payments total $1,294. Additionally, no discharge has been entered in his Chapter 7 case.

In the Debtor's Chapter 7 case, on May 4, 1993, the Court granted the motion of a creditor, Frank Heidenrick, to extend time to object to the Debtor's discharge until June 3, 1993. Heidenrick's motion was timely filed on April 30, 1993 in the Debtor's Chapter 7 case, as the deadline for filing nondischargeability complaint was May 3, 1993. However, Heidenrick chose not to file a complaint.

## III. DISCUSSION

Since the Supreme Court's decision in *Johnson v. Home State Bank*, —— U.S. ——, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991), it has become increasingly common for debtors who have been in Chapter 7 case to seek Chapter 13 protection as a means of dealing with mortgage liens or nondischargeable claims that survive the Chapter 7 discharge. In *Johnson*, the Supreme Court ruled that a Chapter 13 debtor can include a mortgage lien claim in his plan, even after debtor's liability on his personal notes secured by the property is discharged in a prior Chapter 7 liquidation case. Justice Marshall reasoned that the absence of a prohibition on serial filings of Chapter 7 and Chapter 13 petitions, except for the carefully crafted prohibition in 11 U.S.C. § 109(g), indicates that "Congress did not intend categorically to foreclose the benefit of Chapter 13 reorganization to a debtor who previously has filed for Chapter 7 relief." *Id.*, at ——, 111 S.Ct. at 2156. Disagreeing with the lender's reliance on the theory of the exclusivity of "expressly enumerated exceptions," the Court rejected a *per se* bar to serial filings of Chapter 13 cases. *Id.* However, the Court left open the issues of good faith, best interests of creditors and feasibility raised by 11 U.S.C. § 1325 for a case by case determination. *Id.*

Although *Johnson* settled the question of whether a debtor may use Chapter 13 relief to affect liens that survive a prior Chapter 7 discharge, the Supreme Court did not address whether a debtor may maintain a Chapter 13 case during the pendency of a Chapter 7 case. A Chapter 13 case when coupled with a pending Chapter 7 case has been described as a "simultaneous Chapter 20," as opposed to a "serial

or sequential Chapter 20," in which the Chapter 13 case is commenced after closure of the Chapter 7 case. *In re Standfield,* 152 B.R. 528, 535 (Bankr.N.D.Ill.1993), *appeal dismissed,* No. 93–2317, 1993 WL 192957 (N.D.Ill. May 28, 1993). Because the "simultaneous Chapter 20" issue was not reached in *Johnson,* this Court shall consider decisions prior to *Johnson* to decide the propriety of concurrent Chapter 7 and Chapter 13 cases.

There is no express prohibition in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure barring a Chapter 7 debtor from simultaneously seeking Chapter 13 relief. *In re Saylors,* 869 F.2d 1434, 1436–37 (11th Cir.1989); *In re Standfield,* 152 B.R. at 538; *In re Kosenka,* 104 B.R. 40, 42–43 (Bankr.N.D.Ind.1989). For example, Section 109(e) simply states the eligibility requirements for Chapter 13:

> (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e). Similarly, a reading of Fed.R.Bankr.P. 1015(a) does not reveal any procedural bar to simultaneous filings. Fed.R.Bankr.P. 1015(a) provides:

> (a) Cases Involving Same Debtor. If two or more petitions are pending in the same court by or against the same debtor, the court may order consolidation of the cases.

Fed.Rule Bankr.P. 1015(a). Rule 1015(a) refers to cases involving the same debtor and is typically applicable when the same debtor is named in both voluntary and involuntary petitions. *In re Kosenka,* 104 B.R. at 43. However, Rule 1015(a) does not explicitly address the propriety of the same debtor filing two or more petitions under different chapters. *Id.* at 42–43. Additionally, the language of the Rule 1015(a) is discretionary so that the Court "may" order consolidation of the cases. *Id.*

Some courts addressing the simultaneous case issue have adopted a strict approach ruling that only one case may be pending at the same time and that a debtor may not be the subject of simultaneous cases. *See In re Fulks,* 93 B.R. 274 (Bankr.M.D.Fla. 1988) (debtor may not simultaneously maintain Chapter 7 and a Chapter 13 cases notwithstanding a discharge); *In re Smith,* 85 B.R. 872 (Bankr.W.D.Okl.1988) (debtors were precluded from filing second petition after discharge was entered but prior to the closure of debtor's first case). Those courts that favor a *per se* bar against simultaneous filings consistently rely on the Supreme Court's decision in *Freshman v. Atkins,* 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925), in which the Court held that under the old Act, the pendency of the first application for discharge precluded debtor from seeking a discharge in a second filing with respect to the same debts. *Id. See In re Fulks,* 93 B.R. at 275; *In re Smith,* 85 B.R. at 874.

However, other decisions have interpreted *Freshman* in a more limited fashion. *See In re Grimes,* 117 B.R. 531 (Bankr.9th Cir.1990); *In re Kosenka, supra; In re Strause,* 97 B.R. 22 (Bankr.S.D.Cal.1989) For example, the bankruptcy court in *Strause* pointed out that *Freshman* does not stand for the proposition that a debtor is technically barred from simultaneously maintaining two cases under different chapters of the Bankruptcy Code. 97 B.R. at 26. The Court in *Strause* noted that although the debtor in *Freshman* was denied a discharge as to old debts, he was allowed to discharge new debts scheduled in the second petition, despite the pendency of the first proceeding. *Id.* Therefore, *Freshman* merely holds that two applications for discharge of the same debts cannot be pending concurrently. *See Id.*

Another approach to the simultaneous filings issue suggests that a debtor may

file a Chapter 13 petition once the Chapter 7 discharge has entered, but before the Chapter 7 case is technically closed. *See In re Saylors, supra; In re Strause, supra; In re Kosenka, supra.* Courts adopting this policy agree with those utilizing the strict approach to the extent that a debtor is prohibited from filing a Chapter 13 petition before the entry of a discharge in a pending Chapter 7 case. *See In re Kosenka,* 104 B.R. at 43. The rationale for this approach is that a *per se* prohibition on Chapter 13 filings would be contrary to the rehabilitative purpose of Chapter 13 and would collide with the purpose of Congress in promoting Chapter 13 plans. *In re Saylors,* 869 F.2d at 1438. Administrative hurdles, including the trustee's delay in filing the final report after the entry of the discharge, are beyond the debtor's control and, thus, should not defeat the legislative intent behind Chapter 13. *See Id.*

In rejecting a *per se* prohibition against simultaneous filings, these courts assess the propriety of the Chapter 13 in light of the standards applicable to confirmation of Chapter 13 plans, particularly the debtor's good faith. *See Id.* at 1437; *In re Kosenka,* 104 B.R. at 46; *In re Strause,* 97 B.R. at 30. Saving the issue of whether the debtor's subsequent filing is in good faith for the confirmation hearing preserves the legislative goals of Chapter 13 and safeguards the bankruptcy process from bad faith filings. "The good faith requirement of 11 U.S.C. § 1325(a)(3) is sufficient to prevent *undeserving* debtors from using this procedure, yet does not also prevent *deserving* debtors from using the procedure." *In re Saylors,* 869 F.2d at 1436 (emphasis in original).

■ This Court agrees with the line of authority holding that the filing of a Chapter 13 petition after the discharge has been entered in a Chapter 7 case, but during the pending Chapter 7 case, is not *per se* impermissible. Although the commencement of a Chapter 13 case during the pendency of the Chapter 7 case may be indicative of bad faith, the Court shall determine this issue in the context of objections to confirmation of the Chapter 13 plan or at some other

appropriate time, such as the hearing on a motion for relief from stay when the likelihood of a successful reorganization is at issue. *See* 11 U.S.C. § 362(d)(2).

■ In this Court's view, commencement of a Chapter 13 case during the pendency of a Chapter 7 case may indicate exploitation of the bankruptcy process, particularly when the Chapter 13 filing precedes the Chapter 7 discharge and impedes a secured creditor's ability to proceed with its state court rights after obtaining relief from stay in the Chapter 7 case. The problems that simultaneous cases raise include confusion among creditors as to the necessity and procedure for filing of claims, difficulties in determining in which estate assets belong, and the entitlement of the Chapter 7 trustee and other professionals to fees and commissions. Moreover, if the Chapter 7 case is a so-called "asset" case in which the trustee is liquidating assets or recovering voidable transfers for distribution to creditors, creditors may not wish to disrupt that proceeding or see assets turned over to the Chapter 13 estate, preferring instead to see the Chapter 7 completed in order to obtain their *pro rata* distribution.

■ Confronted with these conflicts, this Court believes that after the entry of the discharge in the Chapter 7, the debtor may file a Chapter 13 petition prior to the closing of the Chapter 7 case. However, upon the commencement of the Chapter 13 case, it is appropriate for the court in which the Chapter 7 case is pending to consider whether the cases should be consolidated pursuant to its discretionary powers under Fed.Rule Bank.P. 1015 and whether the case should proceed under Chapter 7 or Chapter 13. Assuming that the Chapter 13 continues, the Court should determine at the hearing on any objections to motions for relief from stay or confirmation of the plan whether the good faith requirement under § 1325(a)(3) has been met.

In light of these principles, the issue in this case is whether the Debtor should be permitted to proceed with his Chapter 13 plan. Although neither a trustee's "no asset" report nor a discharge has entered in

the Chapter 7 case, both events appear to be imminent. No complaints under 11 U.S.C. §§ 523 or 727 have been timely filed and, although a no asset report has not been filed, an examination of the Debtor's schedules reveals that there is no unencumbered, non-exempt property available for distribution to unsecured creditors. Therefore, the rehabilitative purpose of Chapter 13 would take precedence over the continuation of the Chapter 7, if there were any likelihood of the Debtor obtaining confirmation of a Chapter 13 plan.

■ Notwithstanding the above facts, this Court conducted a hearing on June 18, 1993 on Bristol's motion for relief from stay filed in the Debtor's Chapter 13 case. The Debtor failed to appear, although both he and his attorney were notified of the time and place of the hearing. Moreover, this Court's review of the Debtor's Chapter 13 plan suggests that it is not feasible and could not be confirmed without substantial modification. Under the circumstances, this Court believes that the Debtor filed the Chapter 13 to delay the inevitable foreclosure sale of his home by manipulating the bankruptcy laws, and that a reorganization is not in prospect. Accordingly, the Court, pursuant to its order to show cause, hereby dismisses the Debtor's Chapter 13 case.