**In re Cathy BARNES, Debtor.**

**No. CV 96–4989.**

United States District Court, E.D. New York.

March 18, 1999.

Lester & Fontanetta, P.C., by Roy Lester, of counsel, Garden City, New York, for Cathy Barnes.

Fischoff, Gelberg & Director, by Stuart P. Gelberg, of counsel, Scott R. Schneider, of counsel, Garden City, New York, for the trustee.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

## I. BACKGROUND

This is an appeal from a final Order dated August 15, 1996 of United States Bankruptcy Judge Jerome Feller dismissing the chapter 13 proceeding of Debtor Cathy Barnes (the "Debtor" or "Barnes") and imposing sanctions against Roy Lester, Esq., in the sum of $500.

On January 10, 1995, Barnes filed for relief under Chapter 7 of the U.S. Bankruptcy Code. After receiving her discharge, but before the trustee of the Chapter 7 estate filed closing papers, Barnes filed a Chapter 13 petition in an attempt to preserve real property, owned by her in fee simple, and located at 346 Newport Road in Uniondale, New York. On May 21, 1996, the Trustee for the Chapter 13 estate filed a motion to dismiss the Chapter 13 proceeding on the grounds that: (1) the Chapter 7 case was not closed; and (2) the real property located in Uniondale was in the process of foreclosure. After responsive papers were filed and oral arguments held before Judge Feller, the Bankruptcy Court dismissed the Chapter 13 filing and sanctioned Roy Lester, Esq. the sum of $500. This appeal followed.

## II. DISCUSSION

Judge Feller's August 15, 1996 Order dismissing the Chapter 13 proceeding and imposing sanctions on Roy Lester, Esq., held that:

having concluded that this case was the third in a series of cases filed by the debtor and her husband in a concerted effort to thwart the state court foreclosure of the debtor's real property; that as of the date this case was commenced and on the date of the hearing on the trustee's motion, that the debtor was not, as a matter of law, in title to her real property and the title to the real property remain vested with the Chapter 7 trustee; and that the commencement of this case in an effort to decelerate and reinstate the mortgage on real property not owned by the debtor was contrary to law; and the Court having

noted that the debtor had failed to timely file responsive papers to the trustee's motion.... ORDERED, that this case be and the same is hereby dismissed, and it is further ORDERED, that Roy Lester be and hereby is sanctioned the sum of $500....

### A. Standard of Review

A district court hearing an appeal from a Bankruptcy Court reviews the Bankruptcy Court's findings of fact under the "clearly erroneous" standard, see Fed.R.Bankr.P. 8013, while its conclusions of law are reviewed under the de novo standard. See In re Bennett Funding Group, Inc., 146 F.3d 136, 137 (2d Cir.1998) (holding that "the bankruptcy court's findings of fact are reviewed for clear error. Conclusions of law are reviewed de novo.") (citations omitted); See also In re Porges, 44 F.3d 159, 162 (2d Cir.1995) (holding that "conclusions of law made by either the bankruptcy court or the district court on bankruptcy appeal are subject to de novo review.") (citations omitted).

It is within this framework that this Court addresses the present bankruptcy appeal.

### B. The Dismissal of the Chapter 13 Case

■ Barnes contends that there is no per se rule against simultaneously filing Chapter 7 and Chapter 13 cases under the United States Bankruptcy Code. Referred to as a "Chapter 20," Barnes claims that this "widely accepted practice" in bankruptcy law occurs when a debtor files a Chapter 13 case before the formal closing of a previously filed Chapter 7 case, thus making both claims exist simultaneously. The purpose of this simultaneous existence, Barnes contends, is to preserve assets from being liquidated with the remainder of the estate. Barnes argues that because this practice is commonly used in bankruptcy law, Judge Feller erred when he dismissed the Chapter 13 claim on the basis that there is a per se rule against such a simultaneous filing.

On the other hand, the Trustee asserts that upon the filing of a Chapter 7 bankruptcy, an estate is created whereby all interests in the assets of the estate are vested in the

Trustee who is appointed to administer the estate until the bankruptcy is formally closed. While the Chapter 7 bankruptcy was still pending, Citibank, one of the secured creditors, was in the process of foreclosing on the property located in Uniondale, New York. When Barnes-filed her Chapter 13 bankruptcy, an automatic stay was placed on all transactions regarding the Chapter 7 estate including the foreclosure proceeding on the property in Uniondale, New York. As a result, the Trustee claims that the Chapter 13 filing was made in bad faith as it was intended for the sole purpose of stalling the foreclosure proceeding and preserving the real property owned by the estate and located in Uniondale, New York.

Prior to the decision of the United States Bankruptcy Appellate Panel for the Second Circuit's decision in *In re Turner*, 207 B.R. 373 (2nd Cir. BAP 1997), a decision filed after the briefs had been submitted in this case, courts were split as to the issue of whether Chapter 7 and Chapter 13 filings may exist simultaneously for the same debtor. The Court in *In re Turner* analyzed both the majority rule, which prohibited simultaneous filings of Chapter 7 and Chapter 13 bankruptcies; and the minority rule, that permitted such filings. The Bankruptcy Appellate Panel described the divergence in opinions as follows:

> There is a decided difference of opinion over whether a debtor may ever simultaneously maintain two separate bankruptcy proceedings. In the first line of cases, courts have read an old Supreme Court opinion to be a strict prohibition against ever having two cases open simultaneously. The *Heywood* court premised its holding on the fact that a debtor possesses only one estate for the purpose of trusteeship and each bankruptcy must be administered as a single estate under a single chapter of the Bankruptcy Code. This continues to be the majority view. A minority view soon developed in some courts which declined to adopt a *per se* rule against such filings and permit a debtor to file a chapter 7, receive his or her discharge, and then file a second petition under chapter 13 to reorganize the debts which have not been discharged although certain administrative acts of the

chapter seven case such as the trustee's filing of a final report have not already been completed.

*Id.* at 378. (Citations omitted).

In analyzing the merits of the majority and minority views, the Appellate Panel went on to add that:

> While the majority view may be viewed as an absolutist position, the minority view does run the risk of making available "an easy avenue for abuse of the bankruptcy system" that would allow debtors to file multiple cases if they do not achieve their intended goal in the particular case.

\* \* \*

> The existence of multiple cases may indicate an exploitation of the bankruptcy process and an attempt at reimposing the automatic stay after it had been previously lifted. In the case if simultaneous filings, this is especially likely since a debtor in most instances has an absolute right of conversion during the pendency of the case, obviating the need for a second filing. The only rationale for not converting an open case and filing a new petition is the creation of a new automatic stay. Consequently, by initiating a new case, the [debtor] effectively frustrated the stay relief. . . .

*Id.* at 379. (Citations omitted).

■ In light of the Bankruptcy Appellate Panels decision in *In re Turner* adopting the majority rule decision barring simultaneous filings, the Court affirms the August 15, 1996 Order of Judge Feller, dismissing the Chapter 13 bankruptcy as it was simultaneously filed with a pending Chapter 7 case.

■ Even if the Court were to have followed the minority view that permits simultaneous filings in certain situations, the Court agrees with Judge Feller's Order that held that Barnes acted in bad faith when she filed the Chapter 13 bankruptcy proceeding. The United States Bankruptcy Court for the Southern District stated in *In re Spectee Group, Inc.*, 185 B.R. 146, 155 (Bkrtcy. S.D.N.Y.1995) that, "the bad faith inquiry focuses on the debtor's 'honesty of intention,'

and requires the bankruptcy court to determine whether the debtor misrepresented facts in its submissions, unfairly manipulated the Bankruptcy Code, or otherwise proposed a plan in an inequitable manner." The Court added that "bad faith exists where the debtor lacks any realistic possibility of reorganization, and files the petition for the sole purpose of frustrating or delaying its secured creditor's efforts to enforce its legitimate rights." *Id.*

Barnes filed the Chapter 13 bankruptcy while the chapter 7 bankruptcy was still pending and while Citibank was in the process of foreclosing on her real property located in Uniondale. The Chapter 13 bankruptcy filing by Barnes was clearly an effort to retain this property, by seeking an automatic stay of the foreclosure proceedings. In fact, once the Chapter 13 bankruptcy was filed, Citibank was barred from continuing its proceedings due to the automatic stay provisions of the Bankruptcy Code. It has been held that "the automatic stay ... was not intended to be used as a weapon or club to reduce secured creditors into submission with the continued passage of time.... The automatic stay was not intended to be a permanent refuge for a financially distressed debtor." *In re Peia,* 204 B.R. 310, 315 (Bkrtcy. D.Conn.1996).

Barnes fails to put forward a viable argument that warrants a conclusion that she acted in good faith when she filed the Chapter 13 bankruptcy. Pursuant to section 541 of the Bankruptcy Code, the pendency of her Chapter 7 bankruptcy necessarily transferred all of her legal and equitable interests to the estate, including her property in Uniondale, which was overseen by the Trustee. It is obvious to this Court that the purpose of the filing of the Chapter 13 bankruptcy was solely to impede the ongoing foreclosure proceeding by Citibank, which was being conducted in conjunction with the pending Chapter 7 proceeding.

As a result of the continuous effort by Barnes to thwart the foreclosure proceedings of the real property located in Uniondale, while the Chapter 7 bankruptcy proceeding was pending, Judge Feller correctly held her actions constituted "bad faith" and accordingly dismissed the Chapter 13 bankruptcy.

### C. *The Imposition of Sanctions*

In addition to dismissing the Chapter 13 bankruptcy, Judge Feller also imposed sanctions on Roy Lester, Esq., the attorney for Barnes, in the amount of $500. Sanctions were imposed due to Judge Feller's finding that the Chapter 13 bankruptcy was initiated in an effort to "thwart the state count foreclosure of the debtor's real property," **and** due to Lester's untimely filing of responsive papers to the Trustee's motion.

In most cases, the imposition of sanctions and the determination of the amount of sanctions are matters that are best left to the discretion of the court that is most familiar with the issues and the litigants. *See Savino v. Computer Credit, Inc.,* 164 F.3d 81, 88 (2d Cir.1998). The imposition of a $500 fine was neither improper nor excessive given the findings of Judge Feller that the Chapter 13 petition was filed in bad faith and that responsive motion papers were untimely filed. Therefore, this Court affirms Judge Feller's imposition of a $500 fine on Roy Lester, Esq.

### III. CONCLUSION

Having reviewed the parties' submissions it is hereby

**ORDERED,** that the August 15, 1995 Order of United States Bankruptcy Judge Jerome Feller is affirmed in its entirety and the appeal is hereby dismissed; and it is further

**ORDERED,** that the Clerk of the Court is to close this case.

**SO ORDERED.**