**In re Leslie Leonza HOBBS, Chapter 13 Debtor.**

Nos. 00–31634–T, 00–31653–T.

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

May 22, 2000.

*In re Bauer,* 1997 WL 752652, at *5.

---

Leslie Leonza Hobbs, Richmond, Virginia, for debtor.

David F. Gripshover, Richmond, Virginia, for creditor.

James C. DeWees, Richmond, Virginia, for debtor in Case No. 00–31634–T.

William Curtis Carr, Jr., Bankruptcy Legal Clinic of Richmond, Richmond, Virginia, for debtor in Case No. 00–31653–T.

James D. Wright, Richmond, Virginia, for creditor.

Robert E. Hyman, Richmond, Virginia, for Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER

DOUGLAS O. TICE, Jr., Chief Judge.

Hearing was held May 17, 2000, on creditor David F. Gripshover's motion for relief from stay in Case No. 00–31634, motion to dismiss Case No. 00–31634–T with prejudice, and motion to dismiss Case No. 00–31653–T with prejudice. Ruling from the bench, the court granted relief from stay and dismissed both cases with prejudice. This opinion supplements the court's ruling.

### Findings of Fact

Debtor became indebted to David F. Gripshover pursuant to a promissory note executed on July 31, 1995, which was secured by the following real estate: 1) Lot 22, Block 10, Confederate Heights, County of Henrico; 2) Lot 12, Block 7, North Highland Park, City of Richmond (also known as 3508 Meadowbridge Road); and 3) Lots 2, 3, 4, 5, 41, 42, 43, 44, 45, 46, 57, and 48, Hicksville, County of Mathews.

A review of the court's records reveals the debtor's recent Chapter 13 filing history:

| Case No. | Filed | Disposition |
| --- | --- | --- |
| 93–32781–T | 7/06/93 | dismissed 11/26/93 after plan confirmation denied |
| 95–30376–T | 2/02/95 | dismissed 5/16/95 after plan confirmation denied |
| 99–33112–T | 5/03/99 | dismissed 6/09/99 for failure to file plan and schedules |
| 99–35103–S | 7/28/99 | discharge received 12/18/99 |
| 00–31634–T | 3/16/00 | pending |
| 00–31653–T | 3/17/00 | pending |

Debtor filed at least three cases on the eve of deed of trust foreclosures. In bankruptcy Case No. 99–35103–S, Gripshover filed a proof of claim, obtained relief from stay,[1] and proceeded to foreclose on 3508 Meadow Bridge Road. Gripshover was the sole bidder at the foreclosure auction, thereby obtaining that property. The current dispute essentially revolves around whether the proceeds from 3508 Meadowbridge Road were sufficient to pay-off debtor's indebtedness to Gripshover.

Gripshover, who asserts that the note still has a deficiency balance, has scheduled a foreclosure sale for the property

---

1. Relevant dates in Case No. 99–35103–S are as follows:

| Date | Activity |
| --- | --- |
| 08/23/99 | Gripshover files a proof of claim for $69,002.63 |
| 10/20/99 | court order grants Gripshover's motion for relief from stay as to debtor |
| 10/27/99 | debtor's chapter 13 plan is confirmed |
| 11/02/99 | court order grants Gripshover's amended motion for relief from stay as to debtor and Chapter 13 Trustee |

located in the County of Mathews. Debtor went to attorney James C. DeWees to file a bankruptcy to frustrate this foreclosure. On March 16, 2000, attorney DeWees filed Case No. 00–31634–T in accordance with debtor's wishes. Debtor, without knowledge as to whether DeWees had filed or not and fearful of the impending foreclosure, went to see attorney William C. Carr. On March 17, 2000, attorney Carr, without knowledge of the bankruptcy petition filed by DeWees, filed Case No. 00–31653–T in accordance with debtor's wishes.

### Position of Parties

Gripshover argues that his bid on 3508 Meadowbridge Road, which was based on his knowledge of the property and tax assessment, when applied to the note leaves an outstanding balance that entitles him to foreclose on the property located in the County of Mathews.

Debtor argues that Gripshover's foreclosure on 3508 Meadowbridge Road was sufficient to pay the outstanding balance in full. Thus foreclosure on any additional property is unnecessary. Debtor bases this argument on an appraisal that was done on that property and his assertion that Gripshover is estopped from disputing the valuation of $80,000.00 used by debtor on the schedules in bankruptcy Case No. 99–35103–S.

### Discussion and Conclusions of Law

Based upon debtor's bankruptcy filing history, the court is satisfied that the present cases were filed in bad faith. The court therefore grants Gripshover's motion for relief from stay and dismisses Case Nos. 00–31634–T and 00–31653–T with prejudice. In so ruling, the court expressly does not decide whether Gripshover's foreclosure on 3508 Meadowbridge Road satisfied the indebtedness under the note in full. That issue is a property dispute more appropriately decided in state court. However, the court rejects debtor's argument that the $80,000.00 value he placed on 3508 Meadowbridge Road in Case No. 99–35103–S fixed the value of that asset.

**IT IS THEREFORE ORDERED** that David F. Gripshover is granted relief from stay in Case No. 00–31634–T,

**IT IS ORDERED** that Case No. 00–31634–T is dismissed with prejudice,

**IT IS ORDERED** that Case No. 00–31653–T is dismissed with prejudice,

**IT IS ORDERED** that Leslie Leonza Hobbs is prohibited and enjoined from filing a bankruptcy case under any chapter of the bankruptcy code or in any district of the United States for a period of 180 days from the entry of this order, and

**IT IS FURTHER ORDERED** that should debtor attempt to file another case within 180 days the clerk shall refuse to accept his petition, and debtor will be subject to monetary sanctions.