**In re Larry D. RAGSDALE, Debtor.**

No. 04–57903.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Sept. 30, 2004.

---

John C. Lange, Gold, Lange and Majoros, PC, Southfield, MI, for Debtor.

### OPINION DENYING CHAPTER 7 TRUSTEE'S MOTION TO DISMISS

MARCI BETH MCIVOR, Bankruptcy Judge.

This matter is before the Court on the Chapter 7 Trustee's Motion to Dismiss. The Trustee seeks dismissal of Debtor's Chapter 13 case because Debtor's prior Chapter 7 case (No. 02–48493) remains open. The Trustee contends that Debtor cannot have two bankruptcy cases open simultaneously. For the reasons set forth in this Opinion, the Trustee's Motion is denied.

On August 20, 2001, Debtor filed a Chapter 13 petition (case No. 01–55977). That case was dismissed on December 10, 2001 and the case was closed on April 29, 2002. On April 10, 2002, Debtor filed a Chapter 13 petition (case No. 02–48493). That case was converted to a Chapter 7 on

June 11, 2002 and Debtor received a discharge on September 19, 2002. The Trustee has not filed a final report and that case remains open.[1] On August 5, 2003, Debtor filed a Chapter 13 petition (case No. 03–61633). That case was dismissed on September 18, 2003 and the case was closed on October 8, 2003. On June 24, 2004, Debtor filed a Chapter 13 petition (case No. 04–57903). The Debtor's Chapter 13 Plan proposes to fund the Plan with monthly payments of $3,155.00. The source of the payments is Debtor's wages. That case is still pending and is the subject of the Chapter 7 Trustee's present Motion to Dismiss.

The Chapter 7 Trustee asserts that Debtor's Chapter 13 estate is attempting to administer assets which belong to the Chapter 7 estate–assets that "were either not declared exempt or are still being administered by the trustee, and have yet to be abandoned by a closing order or a motion for abandonment." (Trustee's Motion ¶ 2). No other party has objected to confirmation of the Debtor's Chapter 13 Plan.

### Analysis

The Bankruptcy Code does not expressly prohibit a Chapter 7 debtor from simultaneously seeking relief under Chapter 13. Given the lack of explicit statutory guidance, courts have split on the issue. While a majority of courts have adopted a *per se* rule prohibiting a debtor from having more than one bankruptcy case open at any time (*see, e.g. In re Lord,* 295 B.R. 16 (Bankr. E.D.N.Y.2003)), other courts permit a debtor to file a Chapter 13 petition after the Chapter 7 discharge has been entered, but before the Chapter 7 case is officially

---

1. The Trustee's April 23, 2004 interim report in that case lists remaining assets of $5,000 ("autos & living trust") to be liquidated. The report also indicates a pending adversary proceeding. As of the date of this Opinion, there is no record of an adversary proceeding on file.

closed. *In re Hodurski*, 156 B.R. 353 (Bankr.D.Mass.1993).[2] *See also, In re Kosenka*, 104 B.R. 40 (Bankr.N.D.Ind.1989); *In re Tauscher*, 26 B.R. 99 (Bankr. E.D.Wis., 1982); *In re Robinson*, 18 B.R. 891 (Bankr.D.Conn.1982); *In re Saylors*, 869 F.2d 1434 (11th Cir.1989).

The courts which follow the minority rule focus on the rehabilitative purpose behind Chapter 13 filings and reason that "administrative hurdles, including the trustee's delay in filing the final report after the entry of the discharge, are beyond the debtor's control and, thus, should not defeat the legislative intent behind Chapter 13." *Id.*, 156 B.R. at 356.

> In rejecting a *per se* prohibition against simultaneous filings, these courts assess the propriety of the Chapter 13 in light of the standards applicable to confirmation of Chapter 13 plans, particularly the debtors good faith. Saving the issue of whether the debtor's subsequent filing is in good faith for the confirmation hearing preserves the legislative goals of Chapter 13 and safeguards the bankruptcy process from bad faith filings. 'The good faith requirement of 11 U.S.C. § 1325(a)(3) is sufficient to prevent *undeserving* debtors from using this procedure, yet does not also prevent *deserving* debtors from using the procedure'. *In re Saylors*, 869 F.2d 1434, 1436 (emphasis in original).

*Hodurski*, 156 B.R. at 356 (additional citations omitted). While recognizing that simultaneous filings may in some cases be indicative of bad faith, "the Court [can] determine this issue in the context of objections to confirmation of the Chapter 13 plan or at some other appropriate time, such as the hearing on a motion for relief from stay when the likelihood of a successful reorganization is at issue. *See* 11

U.S.C. § 362(d)(2)." *Hodurski*, 156 B.R. at 356.

Courts which hold that a Chapter 13 case may be filed while a Chapter 7 case is still pending also note that the existence of a Chapter 13 case does not interfere with the Chapter 7 Trustee's ability to administer the Chapter 7 estate. As the Court stated in *In re Tauscher*, 26 B.R. at 100:

> Over the years, there has been a truism in bankruptcy circles that a debtor cannot have two bankruptcy cases pending at the same time, and the court was itself concerned with the fact that Tauscher's present chapter 13 petition was filed prior to the closing of the earlier chapter 7 case. Aside from the questions of good faith or possibly abuse of process, however, the court has been unable to conceive of any legal or practical reason, and none has been suggested to it, as to why he should be barred from so filing. Under the Bankruptcy Act of 1989 (§§ 656(a)(3) and 14(c)(5)), his recent bankruptcy discharge would have barred him from obtaining confirmation of this composition plan, but that is not the case under the new Bankruptcy Code. *See* § 1325.
>
> Tauscher is in no wise involved in the preceding chapter 7 case anymore. That chapter 7 bankruptcy estate, as to which the trustee is attempting to sort out conflicting security interests of creditors, is totally distinct and separate from the estate of this Chapter 13 case.

 In the present case, Debtor's Chapter 7 discharge was entered on September 19, 2002, more than 1½ years before Debtor filed the instant Chapter 13 petition. The Chapter 7 Trustee never filed a complaint objecting to the Debtor's discharge. The assets (automobiles and trust account) which the Chapter 7 Trus-

---

**2.** After declining to adopt a *per se* rule, the Court in *Hodurski* dismissed the Debtor's

Chapter 13 case on the grounds that the Debtor's plan was not feasible.

694

tee now contends remain to be administered in the Chapter 7 case were known to, but not pursued by, the Trustee during those two years. The Chapter 7 Trustee offers no explanation for the long delay in either closing the case, or taking action against any remaining assets. Whatever the reason for the delay, the Chapter 7 Trustee's ability to administer those assets is not affected by the existence of the Chapter 13 case. The Chapter 13 case is funded with Debtor's wages. If the Chapter 7 Trustee recovers assets, the assets will be distributed to creditors in the Chapter 7 case. Such a distribution will have no impact on the Chapter 13 case. Furthermore, there are no facts to support an argument that Debtor's present Chapter 13 petition was filed in bad faith. The Plan is fully funded and feasible. Neither the Chapter 13 Trustee or any creditor has objected to confirmation of the Plan. The Debtor made it clear that the purpose of this Chapter 13 is to save his house, and he is now in a financial position to accomplish that goal. There is no evidence of bad faith.

While the Court is cognizant of the potential for abuse when more than one bankruptcy case is pending, procedural safeguards are in place to allow both the Court and the parties to ultimately assess the propriety of Debtor's Chapter 13 petition. The Court declines to adopt a *per se* rule against filing a Chapter 13 petition when a Chapter 7 is still pending (post-discharge). The Chapter 7 Trustee's motion is denied.

### Conclusion

For the reasons stated in this Opinion, the Chapter 7 Trustee's Motion to Dismiss is denied.