In re Mark G. BROWN, Debtor.

No. 08–72491.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Jan. 16, 2009.

Mark Gregory Brown, pro se.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the Court is the chapter 13 Trustee's "Motion to Dismiss without Hearing Pursuant to Local Rule 1017–2 for Maintaining Two Petitions Contemporaneously," filed on January 6, 2009. The debtor, Mark Gregory Brown, filed the above-captioned chapter 13 proceeding on December 16, 2008 (herein the "Second Case") *pro se.* Mr. Brown is already before the Court in another chapter 13 proceeding, case number 07–71145, that was filed on July 25, 2007 and resulted in a confirmed plan dated January 23, 2008

(herein the "Confirmed Case"). As a debtor cannot maintain simultaneous chapter 13 cases concerning the same debt prior to receiving a discharge in the first, Mr. Brown's Second Case is dismissed for cause pursuant to section 1307 of the Bankruptcy Code.

## FACTS

Mr. Brown filed a voluntary petition under chapter 13 of the Bankruptcy Code on July 25, 2007. Mr. Brown's Schedule D reflects that Chase Manhattan Mortgage (herein "Chase") is a secured creditor holding a note and deed of trust on the debtor's primary residence located at 4821 Nelms Lane Northeast, Roanoke, Virginia 24019. The debtor indicated that the total amount of the claim was $141,000.59. The section 341(a) meeting of the creditors took place on August 17, 2007 and the debtor's amended chapter 13 plan was confirmed by order dated January 23, 2008. The plan provided that Mr. Brown would cure his pre-petition arrearages and make regular payments directly to Chase for the duration of the plan payment period.

On September 21, 2007 Chase moved for relief from the automatic stay of section 362(a) with respect to debtor's residence because the debtor had not made two post-petition payments and was allegedly delinquent in excess of $20,875.20 through September 30, 2007. The principal balance owing on the note was $131,895.38, and the total payoff amount was $152,770.58.

An "Agreed Order Modifying Automatic Stay" was entered on December 17, 2007 (herein the "Agreed Order") that resolved Chase's motion for relief. The Agreed Order provided that the debtor would pay Chase $125.00 per month until the post-petition arrearage was cured. Chase would give written notice to the Court and the debtor if the debtor failed to make a payment. If the debtor failed to cure the default within fifteen days of the date of the notice, Chase would be relieved from the automatic stay provisions of section 362(a) without further order of this Court. The Agreed Order provided that the debtor would not be able to bring his account current on more than two occasions.

Chase filed with this Court and served upon Mr. Brown its first Affidavit of Default on February 6, 2008 alleging an arrearage of $2,197.54. The first affidavit was withdrawn without prejudice on March 19, 2008 because the debtor made payment to cure the default. A second Affidavit of Default was filed with the Court and served upon Mr. Brown on May 23, 2008 and amended on July 8, 2008. It notified the debtor of a further default of $2,697.54. The second affidavit was also withdrawn without prejudice on July 31, 2008 after Chase's receipt from Mr. Brown of funds necessary to cure the arrearage.

On September 11, 2008 Chase notified this Court and the debtor that it sought to exercise its rights under the Agreed Order and terminate the automatic stay with respect to Mr. Brown's residence. The debtor had defaulted upon the terms of the Agreed Order by failing to make his August and September, 2008 payments. Chase was entitled to terminate the automatic stay as a result of this third default. Upon Chase's notice of termination to the Court, the automatic stay was lifted permitting Chase to exercise its rights under state law and its contract with Mr. Brown.

Mr. Brown filed his second voluntary chapter 13 petition on December 16, 2008 pro se. The debtor listed Chase as his sole creditor on Schedule A. A meeting of the creditors under section 341(a) is scheduled for January 23, 2009. On January 6, 2009 the Chapter 13 Trustee filed a motion to dismiss Mr. Brown's second petition

pursuant to section 1307 of the Bankruptcy Code and Local Rule 1017–2 of this Court.[1]

## ISSUE

The matter before this Court is whether the debtor's second bankruptcy petition, case number 08–72491, should be dismissed for cause under 11 U.S.C. § 1307(c). While this Court's local rule is dispositive of the case, the facts merit discussion of applicable law addressing whether a debtor may maintain concurrent cases under chapter 13 of the Bankruptcy Code.

## DISCUSSION

This court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334. This is a case filed under Title 11 of the United States Code. The court may hear this core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this District under 28 U.S.C. § 1409(a).

A bankruptcy court may dismiss a chapter 13 case *sua sponte* or on the motion of a party in interest pursuant to sections 105(a) and 1307(c) of the Bankruptcy Code. *See In re Hodurski,* 156 B.R. 353, 357 (Bankr.D.Mass.1993) (dismissing a debtor's second bankruptcy case on its own motion). Bankruptcy courts retain broad equitable powers under section 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).[2] A court may "take any action, even on its own initiative, 'to prevent an abuse of process.'" *In re Kestell,* 99 F.3d 146, 149 (4th Cir.1996) (*quoting* 11 U.S.C. § 105(a)). Section 105(a) "grants judges the authority to dismiss a bankruptcy petition sua sponte for ineligibility, ... for lack of good faith, ... or for one of the 'causes' enumerated in section [1307(c) ]." *Id.* (internal citations omitted). Section 1307(c) provides that the court may dismiss a chapter 13 case "for cause" upon the request by a party in interest or the United States Trustee. 11 U.S.C. § 1307(c).

There is no provision in the Bankruptcy Code that expressly disallows concurrent bankruptcy filings by the same debtor. Section 109 dictates who may be a debtor under the Bankruptcy Code, yet it contains no provision that prohibits a debtor from commencing multiple bankruptcy cases.[3] Similarly, no provision of the Bankruptcy Code denies a discharge to a debtor where another proceeding in which he is a debtor is pending.[4] Further, Bank-

1. Our Local Rule 1017–2 provides that "[n]o debtor ... may maintain more than one petition under any chapter or chapters of the ... Bankruptcy Code at the same time. The second petition filed may be dismissed by the Court sua sponte or pursuant to motion of the United States Trustee or any interested party."

2. Section 105(a) provides in its entirety that: The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. § 105(a).

3. Section 109(g) provides that "no individual ... may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days" if the case was dismissed by the court or the debtor voluntarily dismissed following a request for relief from the automatic stay. 11 U.S.C. § 109(g).

4. A chapter 7 debtor is denied a discharge if a discharge was granted to the debtor under either chapter 7 or 11 within eight years before the petition date. 11 U.S.C. § 727(a)(8). Similarly, a chapter 7 debtor

ruptcy Rule 1015(a) appears to contemplate that multiple cases may be pending against the same debtor.[5]

Neither the United States Supreme Court nor the Court of Appeals for the Fourth Circuit has considered the issue presented in this case.[6] However, there is existing case law that analyzes whether a debtor may maintain simultaneous cases under chapter 13 of the Bankruptcy Code. Such case law identifies three potential grounds for dismissal: the Supreme Court's decision in *Freshman v. Atkins*, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925), the single estate rule, and bad faith in filing.

## I. The *Atkins* Decision.

■ The majority of courts hold that maintaining simultaneous bankruptcy cases is *per se* barred. *See, e.g., In re*

*Sidebottom*, 430 F.3d 893, 897–98 (7th Cir. 2005); *Turner v. Citizens Nat'l Bank of Hammond (In re Turner)*, 207 B.R. 373, 378–79 (2d Cir. BAP 1997); *In re Gateway North Estates, Inc.*, 39 F.3d 1181 (table), 1994 WL 610167, at *2 (6th Cir.1994).[7] In general, the majority cites the Supreme Court's decision in *Atkins* for the proposition that a debtor may never maintain simultaneous cases under the Bankruptcy Code. *E.g., Sidebottom*, 430 F.3d at 897.

A growing minority holds that there is no *per se* prohibition of simultaneous filings. *See, e.g., Davis v. Mather (In re Davis)*, 239 B.R. 573, 575 n. 2 (10th Cir. BAP 1999); *Grimes v. United States (In re Grimes)*, 117 B.R. 531, 533–36 (9th Cir. BAP 1990); *Jim Walter Homes, Inc. v. Saylors (In re Saylors)*, 869 F.2d 1434, 1437–38 (11th Cir.1989).[8] In general, the

---

may not obtain a discharge if he received a discharge in chapter 12 or 13 within six years prior to the petition date, unless the debtor's plan paid one-hundred percent of unsecured claims or seventy-percent using the debtor's "best efforts." § 727(a)(9). The court will not grant a discharge to a chapter 13 debtor who received a discharge in a prior case under chapter 7, 11, or 12 within four years before the order for relief or a chapter 13 case within two years of such order. § 1328(f).

**5.** Rule 1015(a) provides that "[i]f two or more petitions are pending in the same court by or against the same debtor, the court may order consolidation of the cases." Fed. R. Bankr.P. 1015. The 1983 Advisory Committee Note to Rule 1015(a), however, fails to include where multiple voluntary petitions are filed by the same debtor as a situation to which the rule is intended to apply. 1983 Advisory Committee Note to Fed. R. Bankr.P. 1015.

**6.** The Supreme Court in *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991), left open the possibility of concurrent filings. *See id.* at 87, 111 S.Ct. at 2156 ("The absence of a ... prohibition on serial filings of Chapter 7 and Chapter 13 petitions, combined with the evident care with which Congress fashioned these express

prohibitions, convinces us that Congress did not intend categorically to foreclose the benefit of Chapter 13 reorganization to a debtor who previously had filed for Chapter 7 relief.").

**7.** Numerous bankruptcy courts agree with the majority position. *See, e.g., In re Shankman*, 382 B.R. 591, 595 (Bankr.E.D.N.Y.2008); *Scruggs v. Scruggs (In re Scruggs)*, 320 B.R. 94, 96–97 (Bankr.D.S.C.2004); *In re Lord*, 295 B.R. 16, 17–21 (Bankr.E.D.N.Y.2003); *In re Pickering*, 195 B.R. 759, 765–66 (Bankr. D.Mont.1996); *In re Delaware Valley Broadcasters, Ltd. Part.*, 166 B.R. 36, 41 (Bankr. D.Del.1994); *In re Cross Timbers Ranch, Inc.*, 155 B.R. 215, 217 (Bankr.W.D.Mo.1993); *In re Valparaiso Motel Corp.*, 125 B.R. 228, 229 (Bankr.N.D.Ind.1990); *In re Bodine*, 113 B.R. 134, 135 (Bankr.W.D.N.Y.1990); *In re Keen*, 121 B.R. 513, 514–15 (Bankr.W.D.Ky.1990); *In re Fulks*, 93 B.R. 274, 275 (Bankr.M.D.Fla. 1988); *In re Jackson*, 108 B.R. 251, 252–53 (Bankr.E.D.Cal.1989); *In re Smith*, 85 B.R. 872, 873–74 (Bankr.W.D.Okla.1988); *Assocs. Fin. Servs. Corp. v. Cowen (In re Cowen)*, 29 B.R. 888, 894 (Bankr.S.D.Ohio 1983).

**8.** Many bankruptcy courts adhere to the minority view. *See, e.g., In re Brandford*, 386 B.R. 742, 746–51 (Bankr.N.D.Ind.2008);

minority takes the position that "a debtor who has been granted a discharge under one chapter under Title 11 may file a subsequent petition under another chapter even though the first case remains open." *Grimes,* 117 B.R. at 536. They interpret *Atkins* "as stating that two cases *which seek to discharge the same debt* cannot be pending simultaneously." *Transamerica Credit Corp. v. Bullock (In re Bullock),* 206 B.R. 389, 393 (Bankr.E.D.Va.1997) (holding that *Atkins* does not bar a simultaneous bankruptcy filing where a discharge already issued in the first proceeding) (emphasis in original).

In *Atkins* the debtor filed a voluntary petition under the Bankruptcy Act of 1898 on November 1, 1915 and timely applied for discharge. *Freshman v. Atkins,* 269 U.S. 121, 122, 46 S.Ct. 41, 41, 70 L.Ed. 193 (1925). The referee recommended denial, but the court never acted upon the referee's report. *Id.* The debtor filed a second bankruptcy petition on October 11, 1922. *Id.* An application for discharge was filed in the second proceeding and the referee recommended approval. *Id.* The district court took judicial notice of the first petition and denied discharge with respect to the debts included in both petitions, but granted discharge as to any debts not also listed in the first petition. *Id.* Both the Fifth Circuit and the Supreme Court affirmed. *Id.* at 123–24, 46 S.Ct. at 42. The Supreme Court held that the "pendency of the first application precluded a consideration of the second in respect of the same debts." *Id.* at 122, 46 S.Ct. at 41. The Court analogized this situation to the common law plea of "prior suit pending . . . [where] the law will not tolerate two suits at the same time for the same cause." *Id.*

at 123, 46 S.Ct. at 42. The filing of the second application by the debtor with knowledge of the pendency of the first "was an imposition upon and an abuse of the process of the court." *Id.* at 124, 46 S.Ct. at 42.

In the case at bar, Mr. Brown scheduled his debt to Chase in both his Confirmed Case and Second Case. Although a plan was confirmed in the Confirmed Case on January 23, 2008, the debtor never completed payments under the plan and defaulted on his plan obligations. A discharge issues under chapter 13 "as soon as practicable after completion by the debtor of all payments under the [confirmed] plan." 11 U.S.C. § 1328. Mr. Brown therefore never obtained a discharge in his Confirmed Case. Thus, this Court need not determine which view of *Atkins* is more persuasive. Even if *Atkins* only prohibits concurrent bankruptcy cases *"which seek to discharge the same debt,"* Mr. Brown was precluded from filing a subsequent chapter 13 petition with respect to any debt included but not discharged in his Confirmed Case. *Bullock,* 206 B.R. at 393 (emphasis in original).

## II. The Single Estate Rule.

■ Some courts holding to the majority's *per se* view have found that the "single estate rule" bars simultaneous bankruptcy filings. This rule prohibits concurrent cases on the basis that the "filing of simultaneous petitions is 'contrary to the obvious contemplated function of the Bankruptcy Code to resolve a debtor's financial affairs by administration of a debtor's property as a single estate under a single chapter within the code.'" *Turner v. Citi-*

*Transamerica Credit Corp. v. Bullock (In re Bullock),* 206 B.R. 389, 393 (Bankr.E.D.Va. 1997); *In re Studio Five Clothing Stores Inc.,* 192 B.R. 998, 1008 (Bankr.C.D.Cal.1996); *Norwalk Savings Soc'y v. Peia (In re Peia),* 204

B.R. 310, 313 (Bankr.D.Conn.1996); *In re Hodurski,* 156 B.R. 353, 356 (Bankr.D.Mass. 1993); *In re Cormier,* 147 B.R. 285, 288 (Bankr.D.Me.1992); *In re Kosenka,* 104 B.R. 40, 51 (Bankr.N.D.Ind.1989).

*zens Nat'l Bank of Hammond (In re Turner)*, 207 B.R. 373, 378 (2d Cir. BAP 1997) (*quoting In re Kosenka*, 104 B.R. 40, 46 (Bankr.N.D.Ind.1989) (*quoting Assocs. Fin. Servs. Corp. v. Cowen (In re Cowen)*, 29 B.R. 888, 894–95 (Bankr.S.D.Ohio 1983))). *Accord Bateman v. Grover (In re Berg)*, 45 B.R. 899, 903 (9th Cir. BAP 1984) ("[P]roperty cannot be an assets of both estates simultaneously."). In *In re Parson* the U.S. Bankruptcy Court for the Eastern District of Virginia prohibited the reopening of a chapter 7 proceeding because the debtors' property could not be an asset of both the reopened chapter 7 estate and the debtors' current chapter 13 estate. No. 01–73786–SCS, 2007 WL 3306678, at *11 (Bankr.E.D.Va.2007).[9]

The courts in the minority have held that the single estate rule does not apply when a second bankruptcy filing was made after a discharge was granted in the first. *Grimes v. United States (In re Grimes)*, 117 B.R. 531, 535–36 (9th Cir. BAP 1990) ("These cases are distinguishable in that the [single estate rule] prohibits a debtor from filing a Chapter 13 petition before the receipt of the Chapter 7 discharge."). The Second Circuit, however, observed:

> Despite . . . courts' differences as to the propriety of simultaneous filings, there is universal agreement among them that where a debtor files for [bankruptcy] relief and then files for protection under chapter 13 *before* receiving a discharge in the original . . . case, that the chapter 13 case is a nullity [because of the single estate rule.]

*Turner*, 207 B.R. at 378 (emphasis in original). This Court therefore finds that application of the single estate rule is consistent with the *Atkins* decision and does not provide an additional ground for which a debtor's concurrent bankruptcy case may be dismissed.[10]

### III. Bad Faith in Filing.

■ A debtor's bad faith in filing constitutes "cause" for dismissal under section 1307(c). *Kestell v. Kestell (In re Kestell)*, 99 F.3d 146, 148 (4th Cir.1996). When deciding whether to dismiss a debtor's petition for bad faith, bankruptcy courts "employ[ ] standards of good faith similar to those used in determining whether a chapter 13 plan has been proposed in good faith."[11] 8 *Collier on Bankruptcy*

---

**9.** The *Parson* court distinguished *Transamerica Credit Corp. v. Bullock (In re Bullock)*, 206 B.R. 389, 393 (Bankr.E.D.Va.1997), which permitted simultaneous petitions, on the grounds that the debtor in *Bullock* was not attempting to discharge the same debt in her subsequent chapter 13 case that was discharged in her prior chapter 7 case. *In re Parson*, No. 01–73786–SCS, 2007 WL 3306678, at *11 n. 7 (Bankr.E.D.Va.2007). In *Parson* the debtors were attempting to discharge the same debts. *Id.* at *11.

**10.** While the single estate rule explains the rationale underlying the *Atkins* decision, it does not add an additional ground for which a debtor's simultaneous bankruptcy case may be dismissed. The rule of law derived from *Atkins* "has been embodied in the 'single estate rule.' " *In re Parson*, No. 01–73786–SCS, 2007 WL 3306678, at *12 (Bankr.E.D.Va.

2007). This Court agrees with the U.S. Bankruptcy Court for the Eastern District of Virginia that the rule "has no foundation in either the language or the legislative history of the Code . . . . [and] represents nothing more than a practical, judicial choice among competing philosophies in the face of a void left by Congress." *Transamerica Credit Corp. v. Bullock (In re Bullock)*, 206 B.R. 389, 393 (Bankr.E.D.Va.1997).

**11.** The U.S. Bankruptcy Court for the Eastern District of Virginia set forth in *In re Cushman*, 217 B.R. 470 (Bankr.E.D.Va.1998), the following factors for determining whether a chapter 13 plan has been proposed in good faith following the debtor's prior chapter 7 discharge:

1. The proximity in time of the chapter 13 filing to the chapter 7 filing.

¶ 1307.04[10] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.). The Fourth Circuit in *Neufeld v. Freeman*, 794 F.2d 149, 152 (4th Cir.1986), evaluated whether a debtor exhibited bad faith in proposing a chapter 13 plan in a case filed shortly after she received a discharge in a prior chapter 13 case. The *Neufeld* court found that " 'the totality of the circumstances must be examined on a case by case basis' " when a court examines whether a plan was filed in bad faith. *Id.* at 152 (*quoting Deans v. O'Donnell*, 692 F.2d 968, 972 (4th Cir. 1982)). *Accord Kestell*, 99 F.3d at 149 ("This court has previously adopted a 'totality of the circumstances' approach to substantial abuse.").

■ A debtor's pre-petition conduct is relevant to a court's good faith analysis. *Neufeld*, 794 F.2d at 152. This includes, among other things, "the debtor's past bankruptcy filings." *Id.* The Ninth Circuit in *In re Leavitt*, 171 F.3d 1219 (9th Cir. 1999), found the following factors helpful in determining whether cause exists for the dismissal of a chapter 13 case for bad faith:

(1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his Chapter 13 petition or plan in an inequitable manner ...;

2. Whether the debtor has incurred some change in circumstances between the filings that suggests a second filing was appropriate and that the debtor will be able to comply with the terms of a chapter 13 plan.
3. Whether the two filings accomplish a result that is not permitted in either chapter standing alone.
4. Whether the two filings treat creditors in a fundamentally fair and equitable manner or whether they are rather an attempt to manipulate the bankruptcy system or are an abuse of the purpose and spirit of the Bankruptcy Code.

(2) the debtor's history of filings and dismissals ...;

(3) whether the debtor only intended to defeat state court litigation ...; and

(4) whether egregious behavior is present. ...

*Id.* at 1224 (internal citations, quotations, and brackets omitted).[12]

■ The filing of multiple petitions is not bad faith *per se*. *See Downey Sav. & Loan Ass'n v. Metz (Matter of Metz)*, 820 F.2d 1495, 1497 (9th Cir.1987); *In re Cushman*, 217 B.R. 470, 476 (Bankr. E.D.Va.1998). However, a debtor's second bankruptcy petition must "not materially hinder the efficient administration of the debtor's estate .... [and must be] filed in good faith and without an intent to abuse the bankruptcy process." *Transamerica Credit Corp. v. Bullock (In re Bullock)*, 206 B.R. 389, 393 (Bankr.E.D.Va.1997). Bad faith is evident "where the stay has been lifted and the debtor files a Chapter 13 immediately before the foreclosure sale of his home, in an attempt to obtain another automatic stay and frustrate the foreclosure." *In re Lord*, 295 B.R. 16, 19 (Bankr.E.D.N.Y.2003). *Accord In re Hobbs*, 257 B.R. 778, 780 (Bankr.E.D.Va. 2000) (dismissing multiple, concurrent chapter 13 petitions filed "on the eve of deed of trust foreclosures" after stay relief

*Id.* at 477 (internal footnotes and citations omitted).

12. The Seventh Circuit in *In re Love*, 957 F.2d 1350 (7th Cir.1992), listed the following factors:
the nature of the debt ...; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.
*Id.* at 1357 (citations omitted).

in a prior, pending chapter 13 was granted).[13]

In this case, the totality of the circumstances dictate that Mr. Brown's Second Case should be dismissed for bad faith in filing. The debtor's bankruptcy history is highly relevant to our inquiry. In Mr. Brown's Confirmed Case, Chase obtained relief from the automatic stay with respect to his residence after he defaulted in his obligations to Chase for the third time postpetition. Prior to foreclosure Mr. Brown filed his second petition *pro se* and scheduled Chase as his sole creditor. Mr. Brown was still subject to a confirmed chapter 13 plan, however, and was never released from the jurisdiction of this Court in his Confirmed Case.

There is no question that the debtor filed his second petition to reinvoke the automatic stay and frustrate foreclosure by Chase. The debtor's sole intention was to thwart Chase's exercise of its rights under state law. This conduct was inequitable with respect to Chase. The debtor manipulated the Bankruptcy Code and materially hindered the administration of the Confirmed Case by attempting to reinvoke the automatic stay where this Court granted Chase relief therefrom in another pending case. The situation presented here is analogous to that in *In re Lord, supra,* where the debtor's second chapter 13 petition was dismissed. Mr. Brown's Second Case was therefore filed in bad faith and should be dismissed for cause shown pursuant to section 1307(c).

## CONCLUSION

A debtor is precluded from maintaining simultaneous bankruptcy proceedings with respect to the same debt. Mr. Brown had not received a discharge in his Confirmed Case prior to filing his second chapter 13 petition, and he scheduled his debt to Chase in both proceedings. Mr. Brown's Second Case, in which Chase is the only scheduled creditor, should be therefore dismissed for violation of the principle set forth by the Supreme Court in *Atkins.* Further, Mr. Brown attempted to manipulate the bankruptcy system by reinvoking the protection of the automatic stay shortly after it had been lifted in his Confirmed Case. This constitutes bad faith in filing and merits dismissal of Mr. Brown's Second Case for cause pursuant to section 1307(c) of the Bankruptcy Code. Finally, Local Rule 1017–2 is consistent with the existing case law and does not conflict with any provision of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure. Accordingly, it is

## ORDERED

That Mr. Brown's Second Case, case number 08–72491, is hereby DISMISSED for cause pursuant to 11 U.S.C. § 1307(c).

A copy of this Order is directed to be sent to the debtor, Mark G. Brown, 4821 Nelms Lane, Roanoke, Virginia 24019; to counsel for the debtor, Bryan James Palmer, Esq., Michael D. Hart, P.C., P.O. Box

---

13. Numerous courts agree that repeated filings to reimpose the automatic stay are in bad faith. *See In re Barnes,* 231 B.R. 482, 484–85 (E.D.N.Y.1999) (dismissing a debtor's chapter 13 petition because it was "clearly an effort to retain th[e] property, by seeking an automatic stay of the foreclosure proceedings" after stay relief was granted in the debtor's pending chapter 7 case); *In re Hodurski,* 156 B.R. 353, 356 (Bankr.D.Mass.1993) ("[C]ommencement of a Chapter 13 case during the pendency of a Chapter 7 case may indicate exploitation of the bankruptcy process, particularly when the Chapter 13 filing precedes the Chapter 7 discharge and impedes a secured creditor's ability to proceed with its state court rights after obtaining relief from stay in the Chapter 7 case"); *Putnam Trust Co. v. Frenz (In re Frenz),* 142 B.R. 611, 614 (Bankr.D.Conn. 1992) (dismissing debtor's chapter 13 case "filed ... for the purpose of harassing and delaying [the secured creditor]").

622, Roanoke, Virginia 24004; to counsel for Chase Manhattan Mortgage, Stephen B. Wood, Esq., Totman Building–Suite 400, 210 East Redwood Street, Baltimore, Maryland 21202–3399; and to the chapter 13 trustee, Rebecca Connelly, Esq., P.O. Box 1001, Roanoke, Virginia 24005.